IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 2002-227 (STT) |
| | : | |
| v. | : | |
| | : | |
| VIRGIN ISLANDS PORT AUTHORITY, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Giles, J.                                                                                      August 29, 2008

Before the court is pro se Plaintiff Shirley L. Smith's Motion for Leave to File a Third Amended Complaint (Doc. No. 344). At issue is whether Plaintiff should be permitted to amend her complaint and assert claims under Section 504 of the Rehabilitation Act. Plaintiff's Motion for Leave to File a Third Amended Complaint is granted in part and denied in part for the reasons that follow. The court concludes that Plaintiff's claim under Section 504 of the Rehabilitation Act is allowed as to Defendant Virgin Islands Port Authority ("VIPA") only, but not as to the individual Defendants or the VIPA Governing Board.

**I.  STANDARD OF REVIEW**

Pursuant to Rule 15, "a party may amend its pleading once as a matter of course" without seeking leave of the court. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the court may

exercise its discretion whether to allow a party to amend, leave to amend should be granted liberally.  See Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990); see also Coventry v. U.S. Steel Corp., 856 F.2d 514, 518-19 (3d Cir. 1988).

In determining whether to grant a party leave to amend, the court may consider a variety of factors.  See Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'").

## II.  DISCUSSION

Plaintiff has sought leave of the court to amend her complaint and assert claims under Section 504 of the Rehabilitation Act.  Defendants oppose Plaintiff's motion.  Therefore, the court must consider whether justice requires that Plaintiff be granted leave to amend.  See Fed. R. Civ. P. 15(a)(2).  Plaintiff has not set forth any arguments why the court should grant her motion.  Defendants advance several arguments in opposition to Plaintiff's motion.[1]

---

[1] Defendants state that they do not oppose Plaintiff's withdrawal of all claims against the individual members of the VIPA Governing Board (Defendants Finch, Mapp, and Brin) and requests the court to order these claims as dismissed with prejudice.  (Defs.' Opp'n to Pl.'s Mot. for Leave to File Third Amended Compl. 5)  There is no indication from Plaintiff's Motion for Leave to File a Third Amended Complaint that she wishes to dismiss claims against these individual Defendants.  Rather, she continues to include these defendants in her proposed Third Amended Complaint.  Therefore, the court does not grant Defendants' request and the claims against the individual Defendants are not dismissed.

**A.     Undue Delay And Prejudice.**

Defendants argue that Plaintiff's motion is untimely because four years have passed from the commencement of this litigation until Plaintiff's Motion for Leave to File Third Amended Complaint and that such an amendment would cause them undue prejudice.  (Defs.' Opp'n to Pl.'s Mot. for Leave to File Third Amended Compl. 2.)  Specifically, Defendants submit that allowing Plaintiff to amend her complaint would require them to change their strategy, conduct additional discovery, identify additional experts, and therefore not afford them adequate time to prepare for trial.  (Id. at 3.)

Delay alone is not a sufficient reason to deny leave to amend.  See Johnson v. Trueblood, 629 F.2d 287, 295 (3d Cir. 1980).  The delay must result in actual prejudice to the party opposing the motion.  See id.  The court may find there is no undue prejudice and grant leave to amend when the claims asserted in the amended complaint have a similar factual basis underlying the claims in the original complaint.  See Merrill Lynch Bus. Fin. Servs., Inc. v. Plesco, Inc., 859 F. Supp. 818, 824 (E.D. Pa. 1994).

In this case, the claim that Plaintiff seeks to raise under the Rehabilitation Act is premised on the same factual scenario asserted in her First Amended Complaint.  Plaintiff asserts that Defendants violated the Rehabilitation Act in refusing to allow her to participate in VIPA's Donated Leave Program.  (Pl.'s Third Amended Compl. ¶ 84.)  Indeed, Plaintiff had set forth this same allegation in her First Amended Complaint filed on February 21, 2003.  (Pl.'s First Amended Compl. ¶ 85.)  As such, Plaintiff's reformulation of her claim under the Rehabilitation Act should not come as a surprise to Defendants or require additional discovery.  Therefore, although Plaintiff has delayed in asserting her claim under the Rehabilitation Act, such a time

3

lapse would not constitute undue prejudice to Defendants because they should have been put on notice of Plaintiff's potential theories of recovery. Additionally, there do not appear to be – and Defendants do not allege – any improper motives for Plaintiff's decision to amend her complaint at this juncture. The court takes into consideration that Plaintiff appears *pro se* in its determination that there is no indication of bad faith.

**B.     Futility**

Defendants also argue that Plaintiff should not be allowed to amend her complaint to assert a claim under the Rehabilitation Act because such an amendment would be futile. A court may refuse to grant a party motion for leave on the grounds of futility. See Foman, 371 U.S. at 182. Amendment is futile if the complaint as amended would fail to state a claim upon which relief could be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).

**1.     The Applicable Statute Of Limitations Under The Rehabilitation Act.**

Defendants argue that, although the Rehabilitation Act contains no statute of limitations, the applicable two year statute of limitations for personal injury set forth in the Virgin Islands Code should govern Plaintiff's claim. (Defs.' Opp'n to Pl.'s Mot. for Leave to File Third Amended Compl. 3.) As a result, Defendants assert that Plaintiff's claim is time barred because more than two years have passed from the last act of alleged discrimination in 2001 until Plaintiff's request to add her claim under the Rehabilitation Act in her Motion for Leave to File Third Amended Complaint, filed in October 2006. (Id. at 3-4.) Plaintiff alleges that Defendants

denied her requests to participate in VIPA's Donated Leave Program on July 16, 2001.  (Pl.'s Third Amended Compl. ¶ 24.)  Plaintiff filed her original complaint on December 19, 2002.

The court may deny a party's request to amend the complaint to add additional claims on futility grounds if those claims would be barred under the applicable statute of limitations.  See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1980).  The Rehabilitation Act does not include a statute of limitations.  In the absence of an express statute of limitations in a federal statute, courts may borrow an appropriate local statute of limitations that comports with federal policy.  See Wilson v. Garcia, 471 U.S. 261, 266 (1985).

### a.   The Rehabilitation Act.

Courts in different circuits have taken different approaches in implementing a statute of limitations under the Rehabilitation Act.  For example, some courts adopt a statute of limitations for general civil actions.  See, e.g., Huber v. Howard County, 849 F. Supp. 407, 415 (D. Md. 1994); Jones v. Frederick County Bd. of Educ., 689 F. Supp. 535, 540 (D. Md. 1988).  Other courts have opted for a contracts statute of limitations.  See Hutchings v. Erie City & County Library Bd. of Dirs., 516 F. Supp. 1265, 1271 (W.D. Pa. 1981) (finding contracts statute of limitations was appropriate for dispute involving contractual employment agreement).

The most common route courts have taken is to adopt a personal injury statute of limitations for the Rehabilitation Act.  See, e.g., Baker v. Bd. of Regents, 991 F.2d 628, 632 (10th Cir. 1993); Bates v. Long Island R.R., 997 F.2d 1028, 1037 (2d Cir. 1993); Busher v. Commonwealth Edison Co., 990 F.2d 928, 933 (7th Cir. 1993); Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 982-83 (5th Cir. 1992); Morse v. Univ. of Vermont, 973 F.2d 122, 127 (2d

Cir. 1992); Hall v. Knott County Bd. of Educ., 941 F.2d 402, 407 (6th Cir. 1991); Indep. House Servs. v. Fillmore Ctr. Assocs., 840 F. Supp. 1328, 1345 (N.D. Cal. 1993).

This court predicts that the Third Circuit would follow the majority of federal circuits and apply a local personal injury statute of limitations. See, e.g., Toney v. U.S. Healthcare, Inc., 840 F. Supp. 357, 360 (E.D. Pa. 1993), aff'd without opinion, 37 F.3d 1489 (3d Cir. 1994). For purposes of this case, the court looks to the applicable two years personal injury statute of limitations. See 5 V.I.C. § 31.

### b. Plaintiff's Rehabilitation Act Claim Relates Back To Her First Amended Complaint And Original Complaint.

Pursuant to Rule 15, "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint." Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001); see also Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995). Therefore, if the claim that the party seeks to add "relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003); see also Colbert v. City of Philadelphia, 931 F. Supp. 389, 392 (E.D. Pa. 1996).

Defendants assert that Plaintiff has not argued that the Rehabilitation Act claim relates back to her original complaint and request that the court allow Defendants to file a motion for

summary judgment on the issue if Plaintiff's motion is granted. (Defs.' Opp'n to Pl.'s Mot. for Leave to File Third Am. Compl. 5.) The court does not grant Defendants' request at this time. Plaintiff should have, but is not required to, raise this argument for the court to address it and Defendants had an opportunity to brief this issue in their opposition to Plaintiff's motion, but failed to do so.

The court finds that Plaintiff's Rehabilitation Act claim relates back to her original complaint. Plaintiff alleges that Defendants violated the Rehabilitation Act when they refused to allow her to participate in VIPA's Donated Leave Program. (Pl.'s Third Am. Compl. ¶¶ 24, 84.) In her First Amended Complaint, Plaintiff also pleads that Defendants did not allow her to participate in VIPA's Donated Leave Program, as a basis for her claims under the Americans with Disabilities Act ("ADA").[2] (Pl.'s First Am. Compl. ¶¶ 5, 13, 76-81, 85.) The allegations set forth in Plaintiff's First Amended Complaint are substantially similar to the allegations of Plaintiff's original complaint, filed on December 19, 2002. Therefore, for purposes of relation back, the First Amended Complaint is treated the same as the original complaint. As the factual bases in both the First and Third Amended Complaints are identical, Plaintiff's Rehabilitation Act claim arose out of the same transaction or occurrence as the events set forth in her original complaint. See Fed. R. Civ. P. 15(c)(1)(B).

Because the Rehabilitation Act claim relates back to Plaintiff's First Amended Complaint, the court proceeds as though Plaintiff filed her Rehabilitation Act claim on December

---

[2] In Plaintiff's Third Amended Complaint, Plaintiff alleges that the events surrounding Defendants refusal of her participation in VIPA's Donated Leave Program occurred on July 16, 2001. In Plaintiff's First Amended Complaint, it appears that Plaintiff alleges that the events occurred on or about August 29, 2001. This discrepancy is immaterial for purposes of determining whether the events arose out of the same transaction or occurrence.

19, 2002 when she filed her original complaint. The series of events giving rise to Plaintiff's Rehabilitation Act claim occurred sometime between July 16, 2001 and August 29, 2001. (Pl.'s First Am. Compl. ¶ 76.) As the court has already established that Plaintiff would have had two years to file a claim under the Rehabilitation Act, pursuant to the local personal injury statute of limitations of 5 V.I.C. § 31, the statute of limitations would have begun to run between July 16, 2001 and August 29, 2001 and expired by August 29, 2003. Plaintiff's claim under the Rehabilitation Act therefore falls within the two year statute of limitations because, for purposes of Rule 15(c), it is treated as though it was filed on December 19, 2002.

### 2.     Exhaustion Of Remedies Under Section 504 Of The Rehabilitation Act.

Defendants also argue that Plaintiff had not exhausted available administrative remedies under the Rehabilitation Act and therefore she should not be permitted to add this claim. (Defs.' Opp'n to Pl.'s Mot. to File Third Am. Compl. 4.) Plaintiff has brought suit against VIPA under Section 504 of the Rehabilitation Act.

Employees are not required to exhaust administrative remedies under Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") before bringing suit against a private employer under the Rehabilitation Act. See Freed v. Consolidated Rail Corp., 201 F.3d 188, 192 (3d Cir. 2000). There is an exhaustion requirement, however, for employees who wish to bring suit against a federal agency under Section 504 of the Rehabilitation Act. See Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1995).

The court has addressed the issue of whether Plaintiff has exhausted administrative remedies under Title VII in its separate Order entered on this date in response to Defendants

VIPA and VIPA Governing Board's Motion to Strike and/or Dismiss Plaintiff's Claim of Sexual Harassment (Doc. No. 230).  The court incorporates by reference its finding in that Order that the record is unclear as to how long Plaintiff allowed her Title VII claims to proceed with the Virgin Islands Public Employees Relations Board before withdrawing her claims.  Therefore, the court does not decide whether Plaintiff has exhausted administrative remedies under Title VII at this time.  Accordingly, the exhaustion requirement is not a bar to Plaintiff's assertion of a claim in her Third Amended Complaint under Section 504 of the Rehabilitation Act.

### 3. Prima Facie Case Under Section 504 Of The Rehabilitation Act.

Defendants argue that Plaintiff has not established a prima facie case of discrimination under the Rehabilitation Act.  (Defs.' Opp'n to Pl.'s Mot. to File Third Am. Compl. 4.)  Defendants dispute that Plaintiff is suffering from a disability.  Id.  Additionally, Defendants argue that they provided reasonable accommodations to aid her with her disability.  Id.

#### a. Pleading Requirements Under The Rehabilitation Act.

Amendment of a complaint is futile where additional claims would not survive a motion to dismiss.  See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988); see also Masarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292

F.3d 361, 374 n.7 (3d Cir. 2002)) (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in Atlantic Corp. v. Twombly, 127 S. Ct. 1995 (2007)). "The pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965). To satisfy this requirement, a plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id.

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. In order to state a claim under the Rehabilitation Act, a plaintiff must plead, "(1) that he is a 'handicapped individual' under the Act, (2) that he is 'otherwise qualified' for the position sought, (3) that he was excluded from the position sought 'solely by reason of his handicap,' and (4) that the program or activity in question receives federal financial assistance." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 123 (3d Cir. 1998); see also 29 U.S.C. § 794.

Under the Section 504 of the Rehabilitation Act, an individual with a disability means an individual who "has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and can benefit in terms of an employment outcome from vocation rehabilitation services." 29 U.S.C. § 705(20)(A). An "otherwise

qualified" individual is "a handicapped person, who, with reasonable accommodation, can perform the essential functions of the job in question." 45 C.F.R. § 84.3 (2005). For an individual to be excluded from the position "solely by reason of his handicap," the individual "may make a prima facie case of causation if he was denied a benefit for which he was qualified 'and was rejected under circumstances indicating discrimination on the basis of an impermissible factor.'" Menkowitz, 154 F.3d at 124 (quoting Smith v. Barton, 914 F.2d 1330, 1340 (9th Cir. 1990)). Under the Rehabilitation Act, a program or activity "means all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. 794(b).

> **b.    Plaintiff's Third Amended Complaint Properly Alleges Elements Of Rehabilitation Act Claim.**

In her Third Amended Complaint, Plaintiff alleges that she suffers from a medical condition called spasmodic dysphonia that allegedly caused her loss of speech, shortness of breath, and difficulty breathing. (Pl.'s Third Am. Compl. ¶ 22.) Plaintiff further alleges that Defendants refused to provide her with reasonable workplace accommodation that would have allowed her to perform her responsibilities, in light of her medical condition. (Id. at ¶ 86.) Defendants argue that Plaintiff did not have a disability or handicap during her employment with VIPA. (Defs.' Opp'n to Pl.'s Mot. to File Third Am. Compl. 4.) The court must accept Plaintiff's allegations as true at this stage. See Phillips, 515 F.3d at 234; see also Twombly, 127 S. Ct. at 1965. Accordingly, Plaintiff has alleged that her condition of spasmodic dysphonic is a physical impairment that resulted in an impediment to her employment with VIPA because she

had to take sick leave.  See 29 U.S.C. § 705(20)(A).

Plaintiff also alleges that she was qualified to perform her position as Public Information Officer for VIPA as a result of her education and work experience.  (Pl.'s Third Am. Compl. ¶ 12-13.)  Plaintiff asserts that Defendants Finch and Brin refused to provide her with reasonable accommodations that would have allowed her to perform her responsibilities.  (Id. at ¶ 86.) Taking this allegation as true, the court finds that Plaintiff has stated that she was qualified for her position as Public Information Officer for VIPA and would have been able to perform her job had Defendants taken reasonable steps to accommodate her medical condition.  See Phillips, 515 F.3d at 234; see also Twombly, 127 S. Ct. at 1965.

Plaintiff further alleges that she was denied an opportunity to participate in VIPA's Donated Leave Program, even though Defendants allowed other VIPA employees who were not disabled to obtain donated leave.  (Pl.'s Third Am. Compl. ¶ 84.)  Here, Plaintiff has not explicitly alleged that she was excluded from participating in the Donated Leave Program solely because of her disability.  Nevertheless, an inference of causation is permissible because the decision of Defendants to grant donated leave to employees who Plaintiff alleges were not disabled suggests that Plaintiff's exclusion from the program may have resulted from discrimination.  See Menkowitz, 154 F.3d at 124.  Accepting this allegation as true, Plaintiff has properly pled that she was excluded from VIPA's Donated Leave Program as the result of her medical condition.  See Phillips, 515 F.3d at 234; see also Twombly, 127 S. Ct. at 1965.

Plaintiff asserts that Defendant VIPA is an autonomous government agency of the U.S. Virgin Islands that receives federal financial assistance to subsidize its expenses.  (Pl.'s Third Am. Compl. ¶ 7, 9.)  Accordingly, taking this claim as true, Plaintiff has properly pled that

Defendant VIPA is a program or activity that receives federal financial assistance. See Phillips, 515 F.3d at 234; see also Twombly, 127 S. Ct. at 1965. Furthermore, this court has already found that VIPA, as a component of the U.S. Virgin Islands, is a federal instrumentality. See Smith v. Virgin Islands Port Auth., Civ. No. 2002-227, 2005 U.S. Dist. LEXIS 56, at *28-33, 35 n.9. Therefore, Plaintiff has properly alleged the requisite elements of a claim under Section 504 of the Rehabilitation Act. See Menkowitz, 154 F.3d at 124.

**4. There Is No Individual Liability Under The Rehabilitation Act.**

Neither Plaintiff nor Defendants raise the issue of whether an individual can be liable under Section 504 of the Rehabilitation Act. Nonetheless, the court determines that Plaintiff cannot bring her Rehabilitation Act claim against Defendants Finch, Mapp, and Brin. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (finding no individual liability under Rehabilitation Act because individual defendants do not receive the federal financial assistance that is directed toward a program or activity under the Rehabilitation Act). Moreover, the Governing Board is VIPA. To treat it otherwise would be to allow the claim to go forward against individual members of the Board. Accordingly, Plaintiff may only assert her claim against Defendant VIPA.

**III. CONCLUSION**

For the above stated reasons, Plaintiff's Motion to File a Third Amended Complaint is GRANTED IN PART and DENIED IN PART in order to allow her to assert a claim under Section 504 of the Rehabilitation Act against Defendant VIPA. An Order follows.