## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 2002-227 (STT) |
| | : | |
| v. | : | |
| | : | |
| VIRGIN ISLANDS PORT | : | |
| AUTHORITY, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this 29th day of August, 2008, after consideration of <u>pro se</u> Plaintiff Shirley L. Smith's Motion for Leave to File a Third Amended Complaint (Doc. No. 344), Defendants Virgin Islands Port Authority ("VIPA"), VIPA Governing Board, Former Executive Director Gordon A. Finch, Assistant Executive Director David Mapp, and Executive Director Darlin Brin's Response in opposition thereto (Doc. No. 350), and Plaintiff's Supplement to Plaintiff's Motion to Reconsider Order to Dismiss ADA Claim With Prejudice, or in the Alternative Request for Leave to File a Third Amended Complaint to Assert a Claim Under the Rehabilitation Act (Doc. No. 342), it is hereby ORDERED as follows:

1.  Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. No. 344) is GRANTED IN PART and DENIED IN PART for the reasons set forth in the attached Memorandum.  Plaintiff is permitted to assert a claim under Section 504 of the Rehabilitation Act against Defendant VIPA, only.

2.  The Supplement to Plaintiff's Motion to Reconsider Order to Dismiss ADA Claim With Prejudice, or in the Alternative Request for Leave to File a Third Amended Complaint (Doc. No. 342) is STRICKEN.  It seeks to add to Plaintiff's

Motion to Reconsider Order to Dismiss ADA Claim With Prejudice and relates to

Plaintiff's motion for reconsideration of the ADA claim.  The court has already

DENIED the ADA claim for lack of jurisdiction and will not reconsider that

denial. (see Doc. No. 303).  To the extent the supplement requests leave to file a

Third Amended Complaint, Plaintiff has subsequently filed a Motion for Leave to

File a Third Amended Complaint (Doc. No. 344) and it is redundant.


It is FURTHER ORDERED that the Clerk of Court is directed to DOCKET Plaintiff's

Third Amended Complaint, which is attached to her motion (Doc. No. 344), with the following

CONDITIONS:

1.     Count I, which alleges breach of contract and negligent misrepresentation, is, in

       terms of both the breach of contract claim and negligent misrepresentation claim,

       NOT ALLOWED as to the individual Defendants and VIPA Governing Board.

       She is and PERMITTED to claim as to Defendant VIPA, only.

               On January 2, 2005, Judge Moore issued a Memorandum and Order

       granting in part and denying in part Defendants' motion to dismiss Plaintiff's First

       Amended Complaint.  On May 20, 2005, the court granted Plaintiff's Motion for

       Leave to File a Second Amended Complaint (Doc. No. 156).  Pursuant to an order

       of this court dated August 28, 2006 (Doc. No. 303), the claims dismissed by Judge

       Moore as to Plaintiff's First Amended Complaint, if asserted therein, were also

       dismissed from Plaintiff's Second Amended Complaint.  Additionally, the court

       adopts the findings of Judge Moore's opinion as applied to Plaintiff's Third

Amended Complaint.

Judge Moore dismissed the breach of contract claim with prejudice as to the individual Defendants as stated in Plaintiff's First Amended Complaint. The breach of contract claim is disallowed and dismissed as to the individual Defendants because any claims dismissed in the First Amended Complaint were dismissed from the Second Amended Complaint. Moreover, the Governing Board is VIPA. To treat it otherwise would be to allow the claim to go forward against individual members of the Board.

Plaintiff's negligent misrepresentation claim was not contained in her First Amended Complaint and was newly added to her Second Amended Complaint, and now reiterated in her Third Amended Complaint. Therefore, Judge Moore did not specifically address her negligent misrepresentation claim. However, Judge Moore's analysis regarding her breach of contract claim applies with equal force to her negligent misrepresentation claim. Corporate liability for negligent misrepresentation cannot be imposed upon individual employees, officers, or directors. Moreover, the Governing Board is VIPA. To treat it otherwise would be to allow the claim to go forward against individual members of the Board. Accordingly, the negligent misrepresentation claim is permitted as to Defendant VIPA, only.

2.   Count II, which alleges hostile work environment in violation of Title VII, is <u>NOT ALLOWED as to all Defendants</u>, pursuant to the court's separate Order of this

3

date, which is incorporated by reference herein.  The opinion on the Title VII
claims will follow.

3.      Count III, which alleges a violation of the Fourteenth Amendment and wrongful
        suspension, is <u>NOT ALLOWED as to all Defendants</u>.  The court granted summary
        judgment for the Defendants and against Plaintiff on these claims by the court's
        Order of August 28, 2006 (Doc. No. 304).

4.      Count IV, which alleges retaliation and intentional discrimination in violation of
        Title VII, is <u>NOT ALLOWED as to all Defendants</u>, pursuant to the court's
        separate Order of this date, which is incorporated by reference herein.  The
        opinion on the Title VII claims will follow.

5.      Count V, which alleges violation of the Virgin Islands Donated Leave Act, 3
        V.I.C. § 583b, <u>is NOT ALLOWED as to the individual Defendants and VIPA
        Governing Board</u> but is <u>PERMITTED as to Defendant VIPA, only</u>.  By permitting
        this pleading at this stage, the court does not decide whether the district court has
        jurisdiction under the terms of the local statute.  Count V cannot be construed or
        pled as a federal due process claim, as such is precluded by the court's Order of
        August 28, 2006 (Doc. No. 304).

            Plaintiff's 3 V.I.C. § 583b claim for violation of the Donated Leave Act
        was not contained in her First Amended Complaint and was newly added to her

4

Second Amended Complaint, and is now reiterated in her Third Amended

Complaint.  Therefore, Judge Moore did not address whether Plaintiff stated a

claim under 3 V.I.C. § 583b.  However, like Plaintiff's breach of contract and

negligent misrepresentation claims under Count I, liability for alleged violation of

3 V.I.C. § 583b cannot be imposed on the individual defendants.  Moreover, the

Governing Board is VIPA.  To treat it otherwise would be to allow the claim to go

forward against individual members of the Board.  Accordingly, the 3 V.I.C. §

583b claim is permitted as to Defendant VIPA, only.

6.      Count VI, which alleges violations of the ADA and Section 504 of the

Rehabilitation Act, is, in terms of the ADA claim, <u>NOT ALLOWED as to all</u>

<u>Defendants</u>, and, in terms of the Rehabilitation Act claim, is <u>NOT ALLOWED as</u>

<u>to the individual Defendants and VIPA's Governing Board</u> but is <u>PERMITTED as</u>

<u>to Defendant VIPA, only</u>.

Judge Moore dismissed Plaintiff's ADA claim as to all Defendants.

Pursuant to an Order of this court dated August 28, 2006 (Doc. No. 303), the

ADA claim that was dismissed by Judge Moore as to Plaintiff's First Amended

Complaint was also dismissed as to Plaintiff's Second Amended Complaint.

Additionally, the court adopts the findings of Judge Moore's opinion as applied to

Plaintiff's Third Amended Complaint.  Therefore, Plaintiff's ADA claim is

disallowed and dismissed as to all Defendants.

Plaintiff's claim under Section 504 of the Rehabilitation Act is allowed as

to Defendant VIPA, only, and is disallowed and dismissed as to the individual
Defendants and VIPA's Governing Board, for the reasons set forth in the attached
Memorandum.

7.      Count VII, which alleges a violation of the Family and Medical Leave Act
("FMLA"), is <u>NOT ALLOWED as to the individual Defendants and VIPA's
Governing Board</u> but is <u>PERMITTED as to Defendant VIPA, only</u>.

        Judge Moore dismissed this claim as to the individual Defendants.
Pursuant to an Order of this court dated August 28, 2006 (Doc. No. 303), the
FMLA claim as to the individual Defendants that was dismissed by Judge Moore
as to Plaintiff's First Amended Complaint was also dismissed as to Plaintiff's
Second Amended Complaint.  Additionally, the court adopts the findings of Judge
Moore's opinion as applied to Plaintiff's Third Amended Complaint, as set forth
in a separate Order and Memorandum of this date regarding Plaintiff's FMLA
claim, which Order and Memorandum are incorporated by reference herein.
Therefore, this claim is disallowed and dismissed as to the individual Defendants.
Moreover, the Governing Board is VIPA.  To treat it otherwise would be to allow
the claim to go forward against individual members of the Board.  Accordingly,
Plaintiff's FMLA claim is permitted as to Defendant VIPA, only.

8.      Count VIII, which alleges a claim of defamation against non-specified
Defendants, is <u>PERMITTED IN PART</u>, that is <u>Paragraphs 93 and 97 only</u>, and is

6

<u>NOT ALLOWED</u> as to Paragraphs 94, 95, and 96.  Count VIII is permitted only to the extent that it may make allegations not decided in the court's Order of August 28, 2006 (Doc. 304), which dismissed with prejudice the claims specified therein.

9.     Count IX, which alleges infliction of extreme emotional distress is <u>NOT ALLOWED as to all Defendants</u>.

Judge Moore dismissed this claim as to all Defendants.  Pursuant to an Order of this court dated August 28, 2006 (Doc. No. 303), the infliction of extreme emotional distress claim as to all Defendants that was dismissed by Judge Moore as to Plaintiff's First Amended Complaint was also dismissed as to Plaintiff's Second Amended Complaint.  Additionally, the court adopts the findings of Judge Moore's opinion as applied to Plaintiff's Third Amended Complaint.  Therefore, this claim is disallowed and dismissed as to all Defendants.

10.    Count X, which is titled wrongful discharge, but alleges constructive discharge, is <u>NOT ALLOWED as to all Defendants</u>, as to both its constructive discharge claim alleging violation of Title VII and its constructive discharge claim alleging violation of the Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76, pursuant to the court's separate Order of this date, which is incorporated by reference herein. The opinion addressing the Title VII and WDA claims will follow.

7

Judge Moore dismissed Plaintiff's claim of constructive discharge as to the individual Defendants pursuant to her First Amended Complaint. Pursuant to an Order of this court dated August 28, 2006 (Doc. No. 303), the constructive discharge claim as to the individual Defendants that was dismissed by Judge Moore under her First Amended Complaint was also dismissed under her Second Amended Complaint. Additionally, the court adopts the findings of Judge Moore's opinion as applied to Plaintiff's Third Amended Complaint.

The court has previously found that Plaintiff is an exempt employee under 3 V.I.C. § 451(a). (Order, Aug. 28, 2006 (Doc. No. 304), at ¶ 2(a).) Furthermore, the Third Circuit has held that the WDA, as applied to supervisors, is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169. St. Thomas-St. John Hotel & Tourism Ass'n v. Virgin Islands, 357 F.3d 297, 302 (3d Cir. 2004). It is undisputed that Plaintiff worked as a supervisor at the time of the alleged incidents that form the basis for her claim. Because the NLRA preempts the WDA in its application to supervisors, Plaintiff's Count X claim under the WDA is not allowed.

11.  Plaintiff's request for punitive damages, (Compl. 19 ¶ d), is NOT ALLOWED as to Defendants VIPA and VIPA Governing Board pursuant to the court's separate Order of this date, which is incorporated by reference herein. As to whether a well-pled defamation claim would support a claim for punitive damages against a specific individual is not here decided.

8

In sum, only the following claims in Plaintiff's Third Amended Complaint are permitted: Count I (breach of contract and negligent misrepresentation) is permitted as to Defendant VIPA, only; Count V (Donated Leave Act, 3 V.I.C. § 583b) is permitted as to Defendant VIPA, only; Count VI is only permitted as to the Rehabilitation Act claim and as to Defendant VIPA, only; Count VII (FMLA) is permitted as to Defendant VIPA, only; and Count VIII is permitted only as to Paragraphs 93 and 97 as to non-specified Defendants.


       S/ James T. Giles
       HONORABLE JAMES T. GILES
       UNITED STATES DISTRICT JUDGE
       (Sitting By Designation)