**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

SHIRLEY L. SMITH,                    :
                                     :
            Plaintiff,               :      CIVIL NO. 2002-227 (STT)
                                     :
     v.                              :
                                     :
VIRGIN ISLANDS PORT                  :
AUTHORITY, et al.,                   :
                                     :
            Defendants.              :

<u>**MEMORANDUM**</u>

Giles, J.                                                    August 29, 2008

Before the court is Defendants Virgin Islands Port Authority ("VIPA") and Virgin Islands Port Authority Governing Board's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 169). Defendants' motion to dismiss is denied for the reasons that follow.

Defendants argue that Count V of Plaintiff's Complaint is based on an alleged violation of 3 V.I.C. § 531 and should be dismissed because Plaintiff has not exhausted all available administrative remedies.  Defendants maintain that Plaintiff did not challenge her suspension before the Public Employees Relations Board ("PERB"), as required under 3 V.I.C. § 531, prior to seeking judicial review of her termination from VIPA.  As a result, Defendants assert that this Court does not have jurisdiction over Count V of Plaintiff's Complaint.

Defendant's motion is denied because Plaintiff does not raise any claim under 3 V.I.C. § 531 in her Second Amended Complaint.  A brief procedural history follows.

On February 21, 2003, Plaintiff filed her First Amended Complaint (Doc. No. 19). Defendants subsequently filed a motion to dismiss.  On August 5, 2003, Plaintiff filed a Motion

for Leave to File a Second Amended Complaint (Doc. No. 77).  On January 2, 2005, Judge Moore issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss Plaintiff's First Amended Complaint.

With respect to Count V of Plaintiff's First Amended Complaint, Judge Moore found that Plaintiff had stated a claim for violation of 3 V.I.C. § 531 for suspension based on non-merit reasons.  Smith v. Virgin Islands Port Auth., No. CV-02-227, 2005 WL 15459, at *7 (D.V.I. Jan. 2, 2005).  Judge Moore dismissed Plaintiff's claims arising under 3 V.I.C. §§ 530, 583(a), and 583(c).  Id. at *7-8.

On May 20, 2005, the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. No. 156).  Pursuant to an order of this Court dated August 28, 2006 (Doc. No. 303), the claims dismissed as to Plaintiff's First Amended Complaint, if asserted therein, are also dismissed from Plaintiff's Second Amended Complaint.

According to Count V of the Second Amended Complaint, Plaintiff specifically alleges that Defendants violated 3 V.I.C. § 583b by not allowing Plaintiff donated sick leave.  Plaintiff did not include any other statutory bases for her claims under Count V.  As Plaintiff specifically premised her claim on 3 V.I.C. § 583b, the Court does not construe Count V to encompass any other section generally under Title 3 of the Virgin Islands Code.  Because 3 V.I.C. § 583b was not raised in the First Amended Complaint or addressed by Judge Moore, it has not been previously dismissed.

Defendants' motion to dismiss is based on 3 V.I.C. § 531 and the Court therefore cannot make a determination of the viability of Plaintiff's claim under 3 V.I.C. § 583b.  Therefore, Defendants' Motion to Dismiss for Lack of Jurisdiction is DENIED.  An Order follows.