## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 2002-227 (STT) |
| | : | |
| v. | : | |
| | : | |
| VIRGIN ISLANDS PORT | : | |
| AUTHORITY, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Giles, J.                                                                            August 29, 2008

    Before the court is Defendants Virgin Islands Port Authority ("VIPA") and Virgin Islands

Port Authority Governing Board's (hereinafter "Governing Board") Motion for Partial Summary

Judgment (Doc. Nos. 211 & 212) requesting dismissal of pro se Plaintiff Shirley L. Smith's

punitive damages claims, Plaintiff's Response in opposition thereto (Doc. No. 206), and

Defendants' Reply (Doc. No. 213).  Defendants' Motion is granted for the reasons that follow.

    Plaintiff brings this suit against Defendants arising out of her employment with

Defendants from April 1999 until January 2003.  The following claims in Plaintiff's Second

Amended Complaint have been previously dismissed or disposed of on summary judgment in

Defendants' favor: violation of Fourteenth Amendment and wrongful suspension (Count III)[1];

---

[1] On August 28, 2006, the court granted partial summary judgment in favor of
Defendants and against Plaintiff as to Count III (Doc. No. 304).

violation of Title I of the Americans with Disabilities Act ("ADA") (Count VI)[2]; and intentional

infliction of emotional distress (Count IX).[3]  The following claims in Plaintiff's Second

Amended Complaint remain: breach of contract and negligent misrepresentation (Count I);

hostile work environment and violation of Title VII of the Civil Rights Act of 1964 (Count II);

retaliation and intentional discrimination in violation of Title VII (Count IV); violation of

Section 583b of Title III of the Virgin Islands Code (Count V); violation of the Family and

Medical Leave Act ("FMLA") (Count VII); defamation (Count VIII); and wrongful discharge

(Count X).  Plaintiff seeks punitive damages as to all counts.  (Pl.'s 2d Am. Compl. 19.)

Defendants argue that punitive damages cannot be obtained against them because they are

governmental instrumentalities.  Public and municipal entities generally are immune from

punitive damages claims absent specific statutory authority.  Newport v. Fact Concerts, Inc., 453

U.S. 247, 271 (1980) (holding that a municipality is immune from punitive damages under 42

U.S.C. § 1983); see Conception v. Virgin Islands Housing Auth., No. Civ. 516/1998, 2005 WL

1940152, at *6 (V.I. Super. Ct. 2005) (finding that the Virgin Islands Housing Authority was a

governmental entity and as such immune from punitive damages awards); Powell v. Virgin

Islands Water and Power Auth., 20 V.I. 579, 580-82 (D.V.I. 1984) (finding that the Virgin

Islands Water and Power Authority, as a public utility owned by the Government of the Virgin

Islands, was a governmental entity and therefore exempt from punitive damages).  The rationale

---

[2]  By the court's Memorandum and Order of January 2, 2005 (Doc. Nos. 131 & 132) and Order of August 28, 2006 (Doc. No. 303), the court has dismissed Count VI for violation of the ADA.

[3]  By the court's Memorandum and Order of January 2, 2005 (Doc. Nos. 131 & 132) and Order of August 28, 2006 (Doc. No. 303), the court has dismissed Count IX for intentional infliction of emotional distress.

for this rule is that punitive damages are meant to punish wrongdoers, but in situations involving

governmental entities where damages payments would be extracted from public coffers,

blameless taxpayers are punished instead.  Newport, 453 U.S. at 266-67.

VIPA has been found to be exempt from punitive damages because it is a governmental

entity and any punitive damages awarded would ultimately be paid by the public.  Codrington v.

Virgin Islands Port Auth., 911 F. Supp. 907, 913 (D.V.I. 1996) (Moore, C.J.).  The court has

previously recognized that VIPA is an "autonomous governmental instrumentality of the

Government of the United States Virgin Islands," to which the Virgin Islands Legislature has

granted power "for public uses and purposes" and specified that such powers "are proper

governmental functions for which public money may be expended."  V.I. Code tit. 29, §§ 531(a),

541(a); see Smith v. Virgin Islands Port Auth., Civ. No. 2002-227, 2005 U.S. Dist. LEXIS 56, at

*28 (D.V.I. Jan. 2, 2005) (Moore, J.) (quoting V.I. Code tit. 29, §§ 531(a), 541(a)).  No statute

authorizes punitive damages against VIPA.  Cf. V.I. Code Ann. tit. 29, § 556(c) (2001) (repealed

2005) (repealing a limitations on damages provision of $25,000 in any suit or action against

VIPA).

Plaintiff concedes that VIPA, as a governmental agency, is exempt from punitive

damages, but only under Title VII.  (Pl.'s Resp. to Defs.' Mot. for Partial Summ. J. on Pl.'s

Demand for Punitive Damages 1.)  She withdraws her request for punitive damages under Title

VII (Counts II and IV) and the FMLA[4] (Count VII).[5]   (Id.)  Plaintiff contends that she has valid

punitive damages claims against VIPA and the Governing Board under 42 U.S.C. § 1983 for

violation of her Fourteenth Amendment right to due process (Count III).  The court, however,

granted summary judgment in favor of Defendants and against Plaintiff as to Count III on August

28, 2006 (Doc. No. 304).  Plaintiff's arguments as to Count III are therefore moot.

Plaintiff further argues that VIPA and the Governing Board are liable for punitive

damages for the following counts: under Sections 3401 and 3408 of Title 33 of the Virgin Islands

Tort Claims Act for breach of contract and negligent misrepresentation (Count I); violation of

Section 583b of Title 3 of the Virgin Islands Code (Count V); defamation (Count VIII); and

wrongful discharge (Count X).[6]  (Pl.'s Resp. to Defs.' Mot. for Partial Summ. J. on Pl.'s Demand

for Punitive Damages 2.)  It is unclear why Plaintiff has taken the internally inconsistent position

that Defendants are exempt from punitive damages as governmental entities as to some claims

---

[4]  Regardless of whether Defendants are governmental entities, however, punitive damages cannot be recovered under the FMLA.  See Zawadowicz v. CVS Corp., 99 F. Supp. 2d 518, 540 (D.N.J. 2000) (noting that nothing in the FMLA damages provision, 29 U.S.C. § 2617, authorizes an award of punitive damages).

[5]  Plaintiff also withdraws her request for punitive damages under the ADA.  Plaintiff's ADA claim, however, has been previously dismissed by the court's Memorandum and Order of January 2, 2005 (Doc. Nos. 131 & 132) and Order of August 28, 2006 (Doc. No. 303).
In addition, Plaintiff maintains that she is entitled to compensatory damages, back pay, front pay, and attorney fees under Title VII and the FMLA, as well as to liquidated damages under the FMLA.  Plaintiff's entitlement to other forms of relief is not before the court on this motion.

[6]  Plaintiff also maintains that Defendants are liable for punitive damages as to Count IX for infliction of extreme emotional distress.  (Pl.'s Resp. to Defs.' Mot. for Partial Summ. J. on Pl.'s Demand for Punitive Damages 2.)  Count IX, however, has been previously dismissed by the court's Memorandum and Order of January 2, 2005 (Doc. Nos. 131 & 132) and Order of August 28, 2006 (Doc. No. 303).

but not as to others.

In support of her argument, Plaintiff relies on the district court's decision in <u>Ballentine v. Virgin Islands Port Authority</u>, 955 F. Supp. 480 (D.V.I. 1997) (Brotman, J.).  In <u>Ballentine</u>, the court addressed whether VIPA was an arm of the state for Eleventh Amendment immunity purposes in order to determine whether VIPA and its Board of Directors could be subject to suit under 42 U.S.C. § 1983.  <u>Id.</u> at 482-85.  The court found that the defendants were "persons" as defined by Section 1983, and not arms of the state, and thus were subject to suit.  <u>Id.</u> at 483-85.  That case, however, involved a legal issue distinct from the one at hand.  Section 1983 is not at issue in the present case.  Moreover, the question of whether an entity may be sued under Section 1983, as addressed in <u>Ballentine</u>, is separate from whether an entity found to be subject to suit may be exempted from punitive damages.  The tests are different for determining whether, under the former question, a defendant is an arm of the state for immunity purposes and whether, under the latter question, a defendant is a governmental entity.

There is some apparent overlap in the two analyses, in that the former question also asks "whether the money that would pay the judgment would come from the state."  <u>See id.</u> at 483-84 (quoting <u>Peters v. Delaware River Port Auth.</u>, 16 F.3d 1346, 1350 (3d Cir. 1994) (specifying that this inquiry "includes three considerations: whether payment will come from the state's treasury, whether the agency has the money to satisfy the judgment, and whether the sovereign has immunized itself from responsibility for the agency's debts").  In <u>Ballentine</u>, the court concluded that any judgment against VIPA would not attach funds in the state treasury because the statutory scheme provided that VIPA money is kept in separate accounts, VIPA is authorized to borrow money and issue bonds for any corporate purpose, and VIPA's obligations and debts expressly

5

belong to it.  Id. (citing V.I. Code Ann. tit. 29, §§ 541(e), 543, 571(a)).  Yet, in a separate

decision, which this court has adopted, this court has also concluded that any punitive damages

award against VIPA "would be tantamount to assessing damages against the public."  Smith,

2005 U.S. Dist. LEXIS 56, at *29 (citing Codrington, 911 F. Supp. at 912-13).

These decisions may be reconciled.[7]  That VIPA's money may be accounted for

separately from the Government of the Virgin Island's treasury does not preclude VIPA's money

from ultimately deriving from public monies.  See V.I. Code Ann. tit. 29, § 531(a) ("The powers

conferred by this chapter are for public uses and purposes and are proper *governmental functions*

*for which public money may be expended*, private property may be acquired, by eminent domain

or otherwise, property may be exchanged, leased, mortgaged, assigned, sublet, or sold, and bonds

or other obligations may be issued pursuant to section 8(b) of the Revised Organic Act of the

Virgin Islands, as amended, or any other such authority as may hereafter be conferred by Federal

Law, or by the laws of the United States Virgin Islands." (emphasis added)).

The court concludes that Defendants VIPA and Governing Board are governmental

entities and that any punitive damages awarded would ultimately be paid by the public.  See

Newport, 453 U.S. at 271.  Moreover, the Governing Board is VIPA.  No statute authorizes

punitive damages against VIPA and its Governing Board.  Therefore, Defendants VIPA and

Governing Board are exempted from punitive damages as to all remaining counts.[8]  See id.

Defendants' Motion for Partial Summary Judgment requesting dismissal of Plaintiff's punitive

---

[7]  To the extent they are irreconcilable, the court follows Smith, 2005 U.S. Dist. LEXIS
56, at *29.

[8]  Plaintiff's entitlement to punitive damages as to the named individual defendants is not
before the court on this motion.

6

damages claims is GRANTED.

Furthermore, the punitive damages claims disallowed and dismissed here as to the Plaintiff's Second Amended Complaint are also disallowed and dismissed from Plaintiff's Third Amended Complaint, if asserted therein, for the aforementioned reasons.

An Order follows.