## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 2002-227 (STT) |
| | : | |
| v. | : | |
| | : | |
| VIRGIN ISLANDS PORT AUTHORITY, et al., | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM

Giles, J.                                                                                                      August 29, 2008

      Defendants Virgin Islands Port Authority and Virgin Islands Port Authority Governing Board (collectively "VIPA") have filed a Motion to Strike and/or Dismiss Plaintiff Shirley Smith's Claim of Sexual Harassment (Doc. No. 230). Defendants filed their Motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming that this court lacks subject matter jurisdiction and/or Plaintiff has failed to state a claim upon which relief can be granted.

      In pro se Plaintiff's Second Amended Complaint, she brings two claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). In Count II, she claims hostile work environment and violation of Title VII, and in Count IV she claims retaliation and intentional discrimination in violation of Title VII. Defendants' Motion centers upon whether Plaintiff exhausted her territorial and local remedies before filing suit pursuant to Title VII.

A.     **Prerequisites to the Filing of a Title VII Claim in Federal Court**

Title VII provides an administrative and judicial scheme to remedy employment discrimination. Mohasco Corp. v. Silver, 447 U.S. 807, 821 (1980). According to Title VII requirements, before an aggrieved person may bring a federal lawsuit for sexual harassment that person must first file a complaint with the local agency that deals with employment discrimination, if one exists.

> In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, <u>no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated</u>.

42 U.S.C. 2000e-5(c) (emphasis added). This sixty-day deferral period gives States and localities "an opportunity to combat discrimination free from premature federal intervention." EEOC v. Commercial Office Products Co., 486 U.S. 107, 110 (1988).

Before bringing a federal lawsuit, an aggrieved person must also file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(b). The EEOC may hold a charge in suspense during the state or local agency's 60-day period of exclusive jurisdiction. EEOC v. Commercial Office Products Co., 486 U.S. at 111 (citing Love v. Pullman Co., 404 U.S. 522, 525- 526 (1972)); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1210 (3d Cir. 1984). Furthermore, compliance with the EEOC filing period "is not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101,

121 (2002); Francis v. Mineta, 505 F.3d 266, 268 (3d Cir. 2007) ("questions of whether a plaintiff has timely exhausted the administrative remedies in Title VII actions are in the nature of statutes of limitation. They do not affect the district court's subject matter jurisdiction.") (internal quotation and citations omitted).

The Virgin Islands has a territorial process to remedy employment discrimination. Title 3, Section 531, of the Virgin Islands Code ("Section 531") prohibits employment discrimination by any person in the government service because of any nonmerit factor, including race, age, and sex. 3 V.I.C. § 531. Section 531 also affords any applicant or employee who believes she has been discriminated against to appeal the relevant personnel action to the Virgin Islands Public Employees Relations Board ("PERB"), which is empowered to take appropriate corrective action. Id.

### B. Factual Background

On November 30, 2001, Plaintiff, through her attorney, Ronald E. Russell, Esquire, filed a PERB appeal of her suspension of employment and a charge of unfair labor practice pursuant to Sections 530 and 531 of the Virgin Islands Code.[1] (Pl.'s Opp'n to Defs.' Mot. to Strike and/or Dismiss Pl's Claim of Sexual Harassment (Doc. No. 232) (hereinafter "Pl.'s Opp'n"), Ex. A, PERB Appeal Letter, Nov. 30, 2001.) That filing did not include any allegation of sexual

---

[1] Title 3, Section 530, of the Virgin Islands Code ("Section 530") provides procedures applicable to executive agencies of the Virgin Islands, including VIPA. According to Section 530, if a VIPA department head "decides to dismiss, demote, or suspend a regular employee of, or an employee, who is not on contract, is not temporary, and is not on probation, . . . he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the receipt of the statement of charges to appeal the proposed action to the Public Employees Relations Board." 3 V.I.C. § 530.

harassment. (Id.) On December 3, 2001, Plaintiff wrote a letter to the PERB Chairman indicating that she wished to act pro se and attaching an amended charge, including an allegation of sexual harassment by VIPA employees. (Pl.'s Opp'n, Ex. B, Smith Appeal Amendment Letter, Dec. 3, 2001.) On that date, Plaintiff also wrote a second letter to the PERB Chairman requesting an extension of filing time for her charges against VIPA. (Pl.'s Opp'n, Ex. B, Smith Extension Request Letter, Dec. 3, 2001.)

On December 3, 2001, PERB Chairman, Aubrey A. Lee, wrote to Attorney Russell and stated that the charge he attempted to file could not be docketed for failure to comply with PERB regulations. (Pl.'s Opp'n, Ex. A, Lee Letter to Russell, Dec. 3, 2001.) On that same date, Chairman Lee wrote another letter to Attorney Russell Don V. Mills, Legal Counsel to VIPA, assigning case numbers to Plaintiff's appeal of her suspension of employment. (Pl.'s Opp'n, Ex. A, Lee Letter to Russell and Mills, Dec. 3, 2001.) On December 4, 2001, the PERB Chairman wrote to Plaintiff and Attorney Russell and stated that Plaintiff's letter and attached documents "may be considered an amendment to the appeals filed in the referenced matters provided PERB Regulations are Complied with." (Pl.'s Opp'n, Ex. C, Lee Letter to Smith and Russell, Dec. 4, 2001.)

A PERB Decision and Order dated January 18, 2002, dismissed as untimely Plaintiff's Section 530 complaint regarding her suspension. (Pl.'s Opp'n, Ex. D, Decision and Order, Jan. 18, 2002.) The Decision noted that Plaintiff's Section 531 appeal, including her sexual harassment allegations, was pending. (Id.)

On February 20, 2002, Plaintiff wrote to the PERB and withdrew her Section 531 charge. (Pl.'s Opp'n, Ex. E, Smith Letter to Lee, Feb. 20, 2002.) PERB issued a dismissal order on

February 28, 2002. (Pl.'s Opp'n, Ex. E, Decision and Order, Feb. 28, 2002.)

On January 15, 2002 – forty-three (43) days after her initial attempt to file her sexual harassment complaint with the PERB – Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Pl.'s Opp'n, Ex. F, EEOC Charge, Jan. 15, 2002.) The EEOC issued a Right to Sue letter on September 26, 2002. (Pl.'s Opp'n, Ex. G, EEOC Dismissal and Notice of Rights, Sep. 26, 2002.) Plaintiff commenced this action on December 19, 2002.

### C. Legal Standard for a Motion to Dismiss under Rule 12(b)(1)

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss the matter if it lacks subject matter jurisdiction over the complaint. Fed. R. Civ. P. 12(b)(1). The standard for surviving a Rule 12(b)(1) motion is lower than that for a Rule 12(b)(6) motion. Id. at 178. Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Dismissal is warranted under Rule 12(b)(1) only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Id. (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (quotations omitted)). Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual in form. Gould, 220 F.3d at 176; Mortensen v. First. Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge attacks the complaint on its face and, for such a challenge, the court must consider only the complaint's allegations and to do so in the light most favorable to the plaintiff. Gould, 220 F.3d at 176. A factual challenge contests the existence of subject matter jurisdiction apart from any pleadings, and the court may consider and weigh evidence

outside the pleadings to determine if it has jurisdiction. Id. at 176, 178.

Defendants do not state whether their Rule 12(b)(1) challenge is facial or factual. However, they have not attached exhibits in support of their motion, and they have pointed to no evidence outside of the Second Amended Complaint. Therefore, the court presumes that Defendants bring a facial challenge pursuant to Rule 12(b)(1) and are not contesting issues of fact.

### D. Legal Standard for a Motion to Dismiss under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief" Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotation omitted). To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 232 (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 231 (internal quotation and citation omitted). This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965).

### E. This Court has Jurisdiction to Review Plaintiff's Title VII Claims

The record is unclear as to how long Plaintiff allowed her Title VII claims to proceed

with the PERB before withdrawing the claims. Sometime between December 4, 2001, and January 18, 2002, Plaintiff perfected her Title VII claims. Because Plaintiff withdrew her claim on February 20, 2002, it is unclear whether the requisite 60 days elapsed before her withdrawal. However, construing the complaint in the light most favorable to Plaintiff, the court cannot conclude that Plaintiff prematurely withdrew her PERB claims. Furthermore, Plaintiff's premature filing with the EEOC is harmless because the EEOC was required to stay its processing of the charges during Title VII's sixty day deferral period.

  The law is clear that administrative filing deadlines are not jurisdictional prerequisites to the filing of Title VII claims in federal court. Therefore, the court denies Defendant's motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

  Defendants have presented no valid argument in this motion to dismiss to support their contention that Plaintiff filed to state a claim upon which relief can be granted. Therefore, the court denies Defendants' Rule 12(b)(6) motion.

  An Order follows.