IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 2002-227 (STT) |
| | : | |
| v. | : | |
| | : | |
| VIRGIN ISLANDS PORT AUTHORITY, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Giles, J.                                                                                             August 29, 2008

Before the court is Defendants Virgin Islands Port Authority ("VIPA") and Virgin Islands Port Authority Governing Board's Motion for Partial Summary Judgment (Doc. Nos. 237 & 238) regarding the applicability of 29 V.I.C. § 556(c). Defendants' Motion is denied for the reasons that follow.

Pro se Plaintiff brings this suit against Defendants arising out of her employment with Defendants from April 1999 until January 2003. In her Second Amended Complaint, Plaintiff brings the following territorial law claims: breach of contract and negligent misrepresentation (Count I); violation of Title III of Virgin Islands Code (Count V); defamation (Count VIII); intentional infliction of emotional distress (Count IX)[1]; and wrongful discharge (Count X). Plaintiff also brings the following federal law claims: hostile work environment and violation of Title VII of the Civil Rights Act of 1964 (Count II); violation of Fourteenth Amendment and

---

[1] By the court's Memorandum and Order of January 2, 2005 (Doc. Nos. 131 & 132) and Order of August 28, 2006 (Doc. No. 303), the court has dismissed Count IX for intentional infliction of emotional distress.

wrongful suspension (Count III)[2]; retaliation and intentional discrimination in violation of Title VII (Count IV); violation of Title I of the Americans with Disabilities Act ("ADA") (Count VI)[3]; and violation of the Family and Medical Leave Act ("FMLA") (Count VII).

At issue in Defendants' Motion is whether 29 V.I.C. § 556(c) applies to Plaintiff's claims such that the statute limits the amount Plaintiff may recover to $25,000.[4]  The statutory exemption applied to VIPA and provided that "[n]o judgment shall be rendered against the Authority in excess of $25,000 in any suit or action against the Authority."  V.I. Code Ann. tit. 29, § 556(c) (2001) (repealed 2005).  This limitation on damages applied in regards to any "negligent or wrongful act or omission of an employee of the Authority . . . where the Authority, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. at § 556 (c)(1).  Subsection (c) became effective in February 2001.  See id.

Plaintiff argues that 29 V.I.C. § 556(c) does not apply to her federal claims under Title VII, ADA, and FMLA because the federal law preempts the territorial statutory damages cap.  Defendants argue that the damages cap should apply to all of Plaintiff's claims.  However, 29 V.I.C. §556(c) was repealed in December of 2005.  Accordingly, the Court will not address the

---

[2] On August 28, 2006, the court granted partial summary judgment in favor of Defendants and against Plaintiff as to Count III (Doc. No. 304).

[3] By the court's Memorandum and Order of January 2, 2005 (Doc. Nos. 131 & 132) and Order of August 28, 2006 (Doc. No. 303), the court has dismissed Count VI for violation of the ADA.

[4] In their Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Defendants raise additional arguments on the basis that Plaintiff has not exhausted all local remedies in pursuing her claims.  The Court does not address these arguments because they are not material to the issue of whether 29 V.I.C. § 556(c) applies to Plaintiff's claims in this case.

substantive issue of pre-emption.

On December 15, 2005, 29 V.I.C. § 556(c) was repealed by legislative amendment. 2005 V.I. Session Laws, No. 6732, § 25, 2005 V.I. Sess. Laws 161, 163 (Lexis Nexis). The current statute does not provide a statutory damages cap for VIPA. See V.I. Code Ann. tit. 29, §556 (2005). For this reason, Defendants motion to apply 29 V.I.C. § 556(c) is moot because the statutory damages cap has been repealed and not replaced by any substitute provision.

Therefore, Defendants' Motion for Partial Summary Judgment in regards to the applicability of 29 V.I.C. § 556(c) is DENIED. An Order follows.