IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH | : | CIVIL ACTION |
| | : | No. 02-227 |
| v. | : | |
| | : | |
| VIRGIN ISLANDS | : | |
| PORT AUTHORITY, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                          **October 14, 2009**

Shirley L. Smith asks this Court to reconsider and vacate a number of its Orders dismissing her claims. She also asks this Court to compel the Virgin Islands Port Authority to produce certain materials.[1] Smith is not entitled to the relief she seeks from any of this Court's Orders. Furthermore, the Court declines Smith's invitation to amend its March 31, 2009 Scheduling Order and re-open discovery, which closed on July 30, 2009.

Smith moves under Federal Rule of Civil Procedure 60(b)(6) to vacate this Court's Order, dated August 29, 2008, and entered September 3, 2008 (Doc. 398), which in pertinent part, ordered:

> Count VIII, which alleges a claim of defamation against non-specified Defendants, is <u>PERMITTED IN PART</u>, that is <u>Paragraphs 93 and 97 only</u>, and is <u>NOT ALLOWED</u> as to Paragraphs 94, 95, and 96. Count VIII is permitted only to the extent that it may make allegations not decided in the court's Order of August 28, 2006 (Doc. 304), which dismissed with prejudice the claims specified therein.

Order of August 29, 2008 at 6-7, ¶ 8. Smith also seeks vacatur of this Court's Order, dated August 28, 2006, and entered August 29, 2006 (Doc. 304), which granted partial summary judgment in favor of the Virgin Islands Port Authority and dismissed with prejudice Smith's claims based on the Due

---

[1] Specifically, Smith asks this Court to "compel the Defendant [Virgin Islands Port Authority] to propound all of the transcripts of every hearing and appeal that were held at VIPA regarding the May 15, 2001 incident between me and Barbara Donastorg." Pl.'s Br. at 10.

1

Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. In challenging these Orders, Smith seeks to vacate dismissal of paragraphs 94, 95, and 96 from her Third Amended Complaint, thereby reinstating all of her defamation claims. She also asks this Court to "reinstate [her] due process claim to prevent manifest injustice." Pl.'s Br. at 10. Smith fails to demonstrate any basis for reconsideration of this Court's Orders under the Federal Rules of Civil Procedure 60(b) or 59(e), or Local Rule of Civil Procedure 7.3.

Rule 60(b) applies only to motions for relief from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); *see also Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997) (holding Rule 60(b) "applies only to 'final' judgments and orders"). The Third Circuit has described a final decision as "one which disposes of the whole subject, gives the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, *ministerially*, the execution of the decree." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (citation and internal quotation marks omitted). There is no final order if claims remain undecided for resolution by the district court. *Id*. at 125.

The Orders from which Smith seeks relief did not finally dispose of Smith's claims. Those Orders left numerous claims for resolution by this Court. Thus, Rule 60(b) is not the correct vehicle for Smith's motion and cannot afford her any relief.

Although Smith labels her motion a Rule 60(b) motion, Smith's motion functions and serves the purposes of a motion under Federal Rule of Civil Procedure 59(e). The Court must focus on "the function of the motion, not its caption" to determine which Rule applies. *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984); *see also Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1987) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional

equivalent' of a Rule 59(e) motion to alter or amend a judgment."); *accord Holsworth v. Berg*, 322 Fed. Appx. 143, 146 (3d Cir. 2009). Rule 59(e) permits a party to move to "alter or amend a judgment." Fed. R. Civ. P. 59(e). The Third Circuit has described a Rule 59(e) motion as a "'device to relitigate the original issue.'" *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (quoting *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3d Cir. 1987).

Smith's motion will be treated as a motion brought under Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.3.[2] Smith's motion is untimely under both Rules. A Rule 59(e) motion must be filed "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Local Rule 7.3 provides motions "asking the Court to reconsider its order or decision" must be filed "within ten (10) days after the entry of the order or decision unless the time is extended by the Court." LRCi 7.3. In contrast to a Rule 60(b) motion, which can be brought "within a reasonable time," and under some circumstances within a year after entry of judgment, a motion under Rule 59(e) and Local Rule 7.3 must be filed within ten days (excluding immediate weekends) after entry of judgment, order, or decision.

Rule 60(b) cannot be used as a loophole to evade or escape the ten-day filing requirements of Local Rule 7.3 and Federal Rule of Civil Procedure 59(e). *See Smith*, 853 F.2d at 158 n.2 ("The 59(e) ten-day requirement has been read strictly by this court and we would be ill-advised to provide a loophole via Rule 60(b)."); *see also Smith*, 853 F.2d at 168 (stating Rule 60(b) motion cannot be used solely as a vehicle for evading the time constraint of Federal Rule of Appellate Procedure 4(a)(4) (citing *West v. Keve*, 721 F.2d 91, 96 (3d Cir. 1983)). Relief under Rule 60(b) may only be

---

[2] Local Rule of Civil Procedure 7.3 is a specific authorization of post-judgment procedure set forth in Rule 59(e).

granted under extraordinary circumstances. *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); *Sawka v. Healtheast*, 989 F.2d 138, 140 (3d Cir. 1993).

Local Rule 7.3 allows the district court to extend the ten-day filing requirement for motions for reconsideration for "good cause shown." In order to obtain an extension of the ten-day filing deadline under Local Rule 7.3, a party seeking relief must first move for leave of court to file a motion for reconsideration, proving "good cause" for its failure to meet the ten-day filing requirement. *See Liles v. Revetaw, Inc.*, No. 2003-88, 2009 WL 1690079, at *1 (D.V.I. June 17, 2009) (denying leave to untimely file motion for reconsideration to raise arguments which could have been previously raised). After the ten-day period has expired, a party's failure to request leave of court before filing a motion for reconsideration is a sufficient ground for denial of the motion. LRCi 7.3.

When "good cause" is shown, the district court has discretion to grant an extension and consider a motion for reconsideration of an interlocutory order. *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 734 (D.V.I. 2004) (noting it is within the court's discretion to extend the ten-day filing limit only when a party seeks reconsideration of an order not amounting to a final judgment); *Malpere v. Ruyter Bay Land Partners, LLC*, No. 2003-132, 2005 WL 1653087, at *1 n.2 (D.V.I. June 9, 2005) (accepting and addressing pro se plaintiff's motion for reconsideration of a non-final order filed two days beyond the ten-day filing deadline).

The purpose of a motion for reconsideration under Rule 59(e) and Local Rule 7.3 "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for

rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2003). As *Bostic* noted, "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id. Accord U.S. Dep't of Agriculture v. David*, No. 2005-141, 2008 WL 3101799, at *1 (D.V.I. July 31, 2008); *Addie v. Kjaer*, No. 2004-135, 2008 WL 5101597, at *1 (D.V.I. Nov. 25, 2008).

Smith moves out of time and without leave of Court or justifiable basis to reconsider this Court's August 28, 2006 and August 29, 2008 Orders. Smith moves for reconsideration more than three years after entry of the August 28, 2006 Order and expiration of the ten-day filing deadline for reconsideration on September 12, 2006. She moves for reconsideration more than a year after entry of the August 29, 2008 Order and expiration of the ten-day filing deadline for reconsideration on September 17, 2009. Smith never requested leave to extend the ten-day filing deadline for each challenged Order as required by Local Rule 7.3.

Even if this Court were to treat Smith's motion as if it were a request for leave to file for reconsideration, she has not shown good cause exists for an extension of the ten-day filing deadline. She demonstrates only her continued disagreement with this Court's decisions.

Moreover, Smith fails to show any basis for granting her motion for reconsideration under the Federal Rule of Civil Procedure 59(e) or 60(b), or Local Rule of Civil Procedure 7.3, such as an applicable intervening change in controlling law, new evidence, clear error of law or fact, or manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Walsh v. Quinn*, 327 Fed. Appx. 353, 356 (3d Cir. 2009) (holding pro se plaintiff failed to demonstrate any basis for reconsideration under Rule 59 or Rule 60(b)).

As purported "newly available evidence," Smith advances deposition testimony of her former assistant, Monifa Marrero, taken on July 29, 2009. This evidence does not justify reconsideration. A motion to alter or amend a judgment "may not be used to relitigate old matters, or to raise arguments and present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)); *DIRECTV, Inc. v. Jarvis*, 262 Fed. Appx. 413, 415-16 (3d Cir. 2008) (affirming denial of reconsideration under Rule 60(b)(6) where the moving defendant did not present any new evidence the court had not already considered before granting summary judgment).

Smith fails to convince this Court the submitted excerpts of Marrero's deposition testimony provide any new evidence to support Smith's defamation claims. Moreover, a review of the record discloses Smith's allegations of defamation by a Judge of this Court at a hearing conducted on September 19, 2006, are utterly without merit and frivolous. Pl.'s Br. at 3.

In addition, Smith offers no reason why she could not have obtained Marrero's testimony before this Court dismissed paragraphs 94, 95, and 96 of her Third Amended Complaint on August 29, 2008. Smith asserts this Court's "gag order," dated September 29, 2005, precluded her from adequately supporting her defamation claims. Pl.'s Br. at 8; Order of September 29, 2005 at 1 ("Plaintiff will refrain from contacting defendants' employees directly."). As this Court previously ruled, "Smith has not been prejudiced by the [September 29, 2005] Order. She has had adequate opportunity for discovery over nearly seven years in this litigation." Order of September 15, 2009 at 2, n.1.

An appropriate order follows.