IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH | : | CIVIL ACTION |
| | : | No. 02-227 |
| v. | : | |
| | : | |
| VIRGIN ISLANDS PORT AUTHORITY, et al. | : | |

**Juan R. Sánchez, J.**                                                                           **October 19, 2009**

## MEMORANDUM

Smith moves under Local Rule of Civil Procedure 7.3, asking this Court to reconsider and vacate two of its Orders. Smith challenges this Court's August 29, 2008 Order, which dismissed her claims against all defendants for constructive discharge brought under 42 U.S.C. § 2000e, *et seq.* (Title VII) and the Wrongful Discharge Act, 24 V.I.C. § 76 (WDA). This is Smith's fourth motion for reconsideration and reinstatement of her constructive discharge claims. Smith also challenges this Court's July 29, 2009 Order, which denied the most recent of her earlier three successive motions for reconsideration. Smith fails to show she is entitled to the relief she seeks.

Smith commenced this action on December 19, 2002. Smith filed an amended complaint on February 21, 2003. By its January 2, 2005 Order, the Court dismissed with prejudice Smith's constructive discharge claims in her amended complaint as to the individual defendants, leaving only Smith's constructive discharge claim asserted against the Virgin Islands Port Authority (VIPA).[1]

---

[1] Ruling on VIPA's motion to dismiss, the Court found:

> The plaintiff has alleged sufficient facts in her amended complaint that VIPA's conduct forced her to resign her position. I will therefore deny VIPA's motion to dismiss as it applies [to Smith's constructive discharge claims]. I will, however, dismiss this count to the extent it includes the individual defendants, as these individual defendants did not employ the plaintiff and therefore could not have constructively discharged her.

1

Smith moved for reconsideration of this Court's January 2, 2005 Order. By its May 18, 2005 Order, the Court granted Smith leave to file her second amended complaint. By its August 28, 2006 Order, the Court denied Smith's motion for reconsideration of this Court's January 2, 2005 Order. Also by its August 28, 2006 Order, the Court expressly "reiterated and adopted" the rulings set forth in its January 2, 2005 Order and Opinion. The Court therefore dismissed with prejudice Smith's constructive discharge claims in her second amended complaint as to the individual defendants, again leaving only Smith's constructive discharge claim asserted against VIPA. The Court thus ruled:

> The claims disallowed and dismissed as to the Plaintiff's first amended complaint, and if asserted therein, are also disallowed and dismissed from Plaintiff's second amended complaint.

Order of Aug. 28, 2006.

By its August 29, 2008 Order, the Court granted Smith leave to file her third amended complaint, ruling:

> Count X, which is titled wrongful discharge, but alleges constructive discharge, is NOT ALLOWED as to all Defendants, as to both its constructive discharge claim alleging violation of Title VII and its constructive discharge claim alleging violation of the Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76, pursuant to the court's separate Order of this date, which is incorporated by reference herein.

Order of Aug. 29, 2008, at 7-8.

By its separate August 29, 2008 Order, the Court granted VIPA's motion for partial summary judgment and denied Smith's cross-motion for summary judgment, entering judgment in favor of VIPA and the individual defendants on Count X of Smith's third amended complaint, which alleged

---

Mem. Op. at 34-35, Jan. 2, 2005.

2

constructive discharge in violation of Title VII and the WDA.[2] The Court, expressly adopting the

rulings set forth in its January 2, 2005 Order and Opinion, further ordered:

> [T]he claims disallowed and dismissed pursuant to this Order as to Plaintiff's Second Amended Complaint are also disallowed and dismissed from Plaintiff's Third Amended Complaint, if asserted therein.

Order of Aug. 29, 2008, at 2.

On March 31, 2009, Smith again moved for reconsideration, asking the Court to "invalidate"

---

[2] Ruling on the parties' motions for summary judgment, the Court found Smith was not constructively discharged. Specifically, the Court found:

> Although [Smith] has made a prima facie case of sexual harassment, the court finds that she has failed to make the additional showing that the allegedly abusive working environment became so intolerable that a reasonable person in her position would have felt compelled to resign.

Mem. Op. at 86, Aug. 29, 2008. The Court further found other factors than workplace hostility contributed to Smith's decision to resign:

> [Smith's resignation] letter clearly shows that the alleged workplace hostility alone was not so unbearable as to cause her to resign, but that other factors contributed to her decision to resign, including her conclusion that she and VIPA had different visions of the role of Public Information Officer. Furthermore, [Smith] submitted her resignation letter on Monday, January 13, 2003, but continued working at VIPA through the following Thursday, January 24, 2003, at 5 p.m. If the working environment at VIPA were so intolerable that a reasonable person in her position would have felt compelled to resign, that reasonable person would not have stayed on for nearly two additional work weeks. Finally, [Smith] states that, during this period when [her supervisor] Mr. Brin was Executive Director, he was aloof and non-communicative, [and] he was not advancing any sexual activity toward her.

Mem. Op. at 87, Aug. 29, 2008.

Because Smith had not been constructively discharged, the Court ruled VIPA could assert an affirmative defense to Smith's sexual harassment claim based on VIPA's established policy and procedures for reporting and resolving sexual harassment complaints. Finding Smith "unreasonably failed to avail herself of the employer-provided remedial apparatus," the Court ruled Smith's constructive discharge and sexual harassment claims failed as a matter of law. Mem. Op. at 88, Aug. 29, 2008.

3

its January 2, 2005 Order, which dismissed with prejudice her constructive discharge claims against the individual defendants, among other claims asserted in Smith's amended complaint. By its April 7, 2009 Order, the Court denied reconsideration, ruling Smith failed to show any applicable intervening change in controlling law, new evidence, clear error of law or fact, or manifest injustice.

On July 28, 2009, Smith again moved for reconsideration, asking the Court to vacate its August 29, 2008 Order, which dismissed with prejudice her constructive discharge claims against all defendants in her second and third amended complaints. By its July 29, 2009 Order, the Court denied reconsideration, again ruling Smith failed to show any applicable intervening change in controlling law, new evidence, clear error of law or fact, or manifest injustice.

On September 10, 2009, Smith filed her instant motion, again seeking reconsideration and reinstatement of her constructive discharge claims. Smith seeks reconsideration of this Court's August 29, 2008 Order more than a year after the Order was entered on the docket on September 3, 2009. Smith seeks reconsideration of this Court's July 29, 2009 Order more than a month after the Order was entered on July 30, 2009. Smith did not request leave to file for reconsideration.

Smith has not timely filed for reconsideration of either this Court's August 29, 2008 Order or July 29, 2009 Order. Local Rule of Civil Procedure 7.3, which is a specific authorization of post-judgment procedure set forth in Federal Rule of Civil Procedure 59(e),[3] applies to an "order or decision," whether final or interlocutory.[4] LRCi 7.3. Local Rule 7.3 provides for motions "asking

---

[3] *Cf. Gainey v. Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Employees*, 303 F.2d 716, 718 (3d Cir. 1962) (noting motion for reconsideration filed under Local Rule 34 of the District Court for the Eastern District of Pennsylvania was "a specific authorization of a post-judgment procedure that is inferentially covered by the broader general language of Rule 59").

[4] None of the Orders Smith challenges are final orders. A final order ends litigation on the merits and leaves nothing for the court to do but execute the judgment. *See Republic Natural Gas Co. v.*

4

the Court to reconsider its order or decision," which must be filed "within ten (10) days after the entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

Local Rule 7.3 allows the district court to extend the ten-day filing requirement for reconsideration of an interlocutory order for "good cause shown." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 734 (D.V.I. 2004) (noting it is within the court's discretion to extend the ten-day filing limit only when a party seeks reconsideration of an order not amounting to a final judgment); *Malpere v. Ruyter Bay Land Partners, LLC*, No. 2003-132, 2005 WL 1653087, at *1 n.2 (D.V.I. June 9, 2005) (accepting and addressing pro se plaintiff's motion for reconsideration of a non-final order filed two days beyond the ten-day filing deadline).

In order to obtain a filing extension under Local Rule 7.3, a party seeking relief must first move for leave of court to file a motion for reconsideration, proving good cause for its failure to meet the ten-day filing requirement. LRCi 7.3; *see Liles v. Revetaw, Inc.*, No. 2003-88, 2009 WL 1690079, at *1 (D.V.I. June 17, 2009) (denying leave to file motion for reconsideration beyond the ten-day filing limit to raise arguments which could have been previously raised). Smith failed to request leave of court to file a motion for reconsideration of either this Court's August 29, 2008 Order or July 29, 2009 Order. Because the ten-day filing limit has expired as to both Orders, Smith's failure to request leave of court before filing her motion for reconsideration is a sufficient ground for denial of the motion. *See* LRCi 7.3 ("Extensions will only be granted for good cause shown.").

---

*Oklahoma*, 334 U.S. 62, 68 (1948). Also, a final order must end litigation as to all claims and all parties. *See Andrews v. United States*, 373 U.S. 334, 340 (1963). In this case, the Court has not expressly directed the entry of judgment under Federal Rule of Civil Procedure 54(b) on any claims dismissed with prejudice from Smith's first, second, or third amended complaint. All remaining claims asserted by Smith are pending decision on VIPA's motion for summary judgment.

Moreover, Smith provides no good reason to excuse her delay in seeking reconsideration. Although Smith complains of perceived obstacles to her ability to fully discover and thus, timely present her claims, her complaints are without merit. As this Court ruled earlier, "[Smith] has had adequate opportunity for discovery over nearly seven years in this litigation." Order of Sept. 15, 2009, at 2 n.1.

Furthermore, Smith's motion on its merits does not serve the purpose of a motion for reconsideration, which "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration "is not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic*, 312 F. Supp. at 733.

Smith fails to show any basis under Rule 59(e) or Local Rule 7.3 for granting relief from this Court's Orders, which dismissed her constructive discharge claims and denied reconsideration of the Court's rulings. Smith fails to show any applicable intervening change in controlling law, new evidence, clear error of law or fact, or manifest injustice as required by these Rules. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); LRCi 7.3 (a motion for reconsideration must be based on "intervening change in controlling law; availability of new evidence; or the need to correct clear error or prevent manifest injustice").

Although Smith asserts the Court clearly erred in dismissing her constructive discharge claims, resulting in manifest injustice, she does not point to any legal error or any intervening change in controlling law to warrant reconsideration. Instead, she requests reconsideration based on newly available evidence: the July 29, 2009 deposition testimony of Smith's former assistant at VIPA,

6

Monifa Marrero, and the affidavit of Tameka DeWindt, a former VIPA employee who temporarily worked under Smith's supervision. Smith asserts this evidence creates a genuine issue of disputed fact sufficient to defeat summary judgment in favor of VIPA on Smith's hostile work environment and constructive discharge claims. Smith is mistaken.

Generally, Title VII claims of a hostile work environment attributable to a supervisor's actions fall into two categories:

(1) harassment that culminates in a tangible employment action, for which employers are strictly liable; and

(2) harassment that takes place in the absence of a tangible employment action, to which employers may assert an affirmative defense.

*Pa. State Police v. Suders*, 542 U.S. 129, 143 (2004) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)); *Faragher v. City of Boca Raton*, 524 U.S. 775, 897, 808 (1998). "Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Suders*, 542 U.S. at 141. In addition to proving a hostile work environment, a plaintiff who claims constructive discharge "must make a further showing: She must show that the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Suders*, 542 U.S. at 134.

On the parties' motions for summary judgment, the Court found Smith failed to prove she was constructively discharged in violation of Title VII due to harassment by her supervisor, Darlin Brin. Mem. Op. at 85-86, Aug. 29, 2008. The record supports this finding. This Court also found Smith failed to show she resigned from VIPA because the allegedly abusive working environment became so intolerable a reasonable person in her position would have felt compelled to resign. Mem. Op. at 86-87, Aug. 29, 2008. The record supports this finding. Mr. Brin was VIPA's

Executive Director and Smith's supervisor from January 1 through January 24, 2003. Smith stated Mr. Brin was aloof and non-communicative, but he did not make and sexual advances toward her during this period of time. Mem. Op. at 87, Aug. 29, 2008. Smith submitted her resignation letter on Monday, January 13, 2003, but continued working at VIPA through the following Thursday, January 24, 2003, until 5 p.m. In her resignation letter, Smith stated other factors than her allegedly intolerable working conditions contributed to her decision to resign:

> In addition to the hostile work environment, management does not comprehend the role of public relations, and my efforts to educate staff and management have been fruitless. This situation continues to make my job unnecessarily difficult
> .... I believe that it is time for me to explore employment opportunities with a company that would appreciate the diversity of skills and experience I have to offer.

Defs.' Br., Ex. 3. It is undisputed Smith stayed on the job for nearly two additional weeks after she resigned. Smith did not complain about Mr. Brin's conduct until the effective date of her resignation, January 24, 2003. Mem. Op. at 82 n.20, Aug. 29, 2008.

Smith's proffered new evidence does not bear on these findings or provide any reason to disturb the Court's earlier grant of summary judgment in favor of VIPA on Smith's Title VII constructive discharge claims. The DeWindt affidavit does not show Smith was constructively discharged. DeWindt makes statements about working conditions at VIPA during the summer of 1999, more than three years before Smith resigned. DeWindt ceased to be employed at VIPA some three months before Smith resigned. DeWindt's statements do not establish Smith's working conditions at VIPA were intolerable at the time Mr. Brin supervised Smith, or at the time Smith resigned.

Marrero's deposition testimony is only cumulative evidence of an allegedly hostile working environment created by a number of Smith's co-workers at VIPA. The Court fully considered ample

evidence of Smith's allegedly stressful, unpleasant, difficult, and contentious working environment before the Court granted summary judgment on August 29, 2008. Mem. Op. at 88-90. Marrero's deposition testimony adds nothing new to the evidence already before the Court. Marrero's testimony does not support a finding Smith resigned from VIPA because her allegedly abusive working environment became so intolerable a reasonable person in her position would have felt compelled to resign. The record still supports the finding Smith resigned because of other factors than her allegedly intolerable working conditions.

This Court also found Smith failed to show her co-workers' alleged hostility was due to her gender or activities protected under Title VII. Mem. Op. at 88-89, Aug. 29, 2008 ("[Smith] has not satisfied her burden to show that her working conditions were unpleasant or difficult <u>because of her sex</u>."). The Court thus ruled her complaints were not actionable under Title VII.[5] *Id.* Smith provides no new evidence of gender-based discrimination and does not show her working conditions were hostile because of her gender. For the most part, Marrero testified about conduct by Mr. Brin and other VIPA employees, which bears only on Smith's allegations VIPA failed to reasonably accommodate her speech disability and connective tissue disease. This evidence of disability-based discrimination is irrelevant to Smith's claim she was constructively discharged in violation of Title VII. Title VII does not prohibit discrimination based on a person's disability. *See Brown v. Chertoff*, No. 2005-109, 2009 WL 530550, at *3 (D.V.I. Feb. 27, 2009) (explaining "no provision of Title VII proscribes discrimination on the basis of an individual's disability").

Marrero's and DeWindt's sworn statements about unpleasant or difficult working conditions

---

[5] Title VII "prohibit[s] discrimination in employment against members of classes." *Antol v. Perry*, 82 F.3d 1291, 1299 (3d Cir. 1996) Specifically, Title VII prohibits employment discrimination based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.

9

at VIPA are also irrelevant and immaterial to this Court's dismissal of Smith's constructive discharge claims under the Wrongful Discharge Act (WDA), 24 V.I.C. § 76. The Court found Smith worked as a VIPA supervisor at all times relevant to her claims. Mem. Op. at 91, Aug. 29, 2008. The Court thus ruled she was not subject to the WDA as an exempt employee under 3 V.I.C. § 451a. Mem. Op. at 91, Aug. 29, 2008; Order of Aug. 28, 2006 at 2, ¶2(a); *see* 3 V.I.C. § 451a (b)(7)(iii) (defining an exempt employee as "employees of the . . . Virgin Islands Port Authority . . . ."). Furthermore, the WDA, as applied to supervisors, is preempted by the National Labor Relations Act, 29 U.S.C. §§ 151-69 (NLRA). *St. Thomas-St. John Hotel & Tourism Ass'n v. Virgin Islands*, 357 F.3d 297, 302 (3d Cir. 2004). Because the NLRA preempts the WDA in its application to supervisors, this Court properly granted summary judgment as a matter of law in favor of all defendants on Smith's claims of constructive discharge in violation of the WDA.

Smith's motion for reconsideration demonstrates only her dissatisfaction with the Court's dismissal of her constructive discharge claims, which is not a reason to provide the relief she seeks. She merely repeats the merits of her arguments, which the Court has already rejected. *See Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (holding a motion for reconsideration is not a substitute for appeal or a vehicle for needlessly repetitive reconsideration of previously rejected legal theories). As the *Bostic* court noted, "reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for an appeal." *Bostic*, 312 F. Supp. 2d at 733.

An appropriate order follows.