IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| SHIRLEY L. SMITH, | ) |
| Plaintiff, | ) No. 3:02-CV-227-JRS |
| v. | ) |
| VIRGIN ISLANDS PORT AUTHORITY, *et. al*, | ) |
| Defendants. | ) |

## REPORT ANDRECOMMENDATION

This matter was referred to the undersigned Magistrate Judge for a report and recommendation on the Renewed Motion for Attorneys' Fees and Costs [DE-566] filed by Defendants Virgin Islands Port Authority ("VIPA"), Virgin Islands Port Authority Governing Board, former Executive Directors Gordon A. Finch and Darlan Brin and Assistant Executive Director David Mapp (collectively "defendants") pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, 5 V.I.C. § 541 and Federal Rule of Civil Procedure 54.[1]  *See* 28 U.S.C. § 636(b)(1)(B).  In particular, defendants seek $131,004.50 in attorney's fees and $8,960.10 in costs. [DE-547.1 ¶ 9; DE-560 at 12 n.9]. Plaintiff Shirley L. Smith ("Smith"), *pro se*, opposes the motion [DE-567] and the matter is ripe for disposition.

---

[1] Defendants do not rely on the fee-shifting statutes governing the ADA or the Rehabilitation Act in support of their request for attorney's fees.  However, in their reply to Smith's response, defendants properly argue that both the ADA and the Rehabilitation Act allow for a defendant to recover attorney's fees. *See* Defs.' Reply Mem. Supp. Mot. Atty Fees Costs (Defs.' Reply) at 4 [DE-560].  The Court notes however with respect to defendants' defense of the FMLA claim, "Congress did not extend to defendants entitlement to attorney's fees pursuant to the FMLA." *Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, No. 05-CV-404, 2006 U.S. Dist. LEXIS 11054, at *16 (D. Pa. Mar. 13, 2006) (noting 29 U.S.C. § 2617(a)(3) provides a court shall "allow a reasonable attorney's fee . . . to be paid by the defendant" and finding "the absence of 'prevailing party' language [] significant").

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 2

## I. RELEVANT PROCEDURAL HISTORY

This action arises out of a complaint filed on 19 December 2002 [DE-1], and amendments thereto [DE-19; DE-77; DE-390] by Smith against defendants, wherein Smith alleged defendants committed various acts of employment discrimination based on gender and disability in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1871, 42 U.S.C. § 1983; Title I of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.* In particular, Smith alleged in her third amended complaint, *inter alia*, that (1) defendants "engaged in unlawful discriminatory and retaliatory labor practices . . . on the basis of [her] gender and [her] speech disability," (2) "during [her] tenure at VIPA, [she] was subjected to unwelcome and repeated incidents of sexual harassment, which resulted in a hostile work environment," and (3) her "complaints about disparate treatment and the hostile work environment resulted in retaliation." 3d Am. Compl. ¶¶ 2, 16-17. Smith also alleged territorial law claims for breach of contract and negligent misrepresentation (count I), violation of the Donated Leave Act, 3 V.I.C. § 583b (count V), defamation (count VIII), and intentional infliction of emotional distress ("IIED") (count IX).

On 10 July 2006, defendants moved [DE-267] for partial summary judgment with respect to counts II (hostile work environment and violation of Title VII of the Civil Rights Act of 1964), IV (retaliation and intentional discrimination in violation of Title VII) and X (wrongful discharge) of the second amended complaint [DE-77], which the district court granted [DE-398] on 3 September 2008. Also on 10 July 2006, defendants moved [DE-265] for partial summary judgment as to count III (§ 1983 and wrongful suspension), which the district court granted

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 3

[DE-304] on 28 August 2006. On 2 September 2008, the district court permitted Smith to maintain the following claims in her third amended complaint: count I (breach of contract and negligent misrepresentation), count V (violation of the Donated Leave Act, 3 V.I.C. § 583b), count VI (violation of the Rehabilitation Act), count VII (violation of FMLA) and count VIII (defamation). [DE-384]. On 15 April 2009, defendant VIPA moved [DE-416] for partial summary judgment as to count V [DE-384], which the district court granted [DE-473]. On 31 March 2010, the district court granted [DE-542] defendants' motion [DE-495] for summary judgment on Smith's remaining claims (count I – breach of contract and negligent misrepresentation; count VI – Rehabilitation Act; count VII – FMLA; count VIII – defamation) and entered judgment [DE-545] in favor of defendants.[2]

On 14 April 2010, defendants moved [DE-546] for attorneys' fees and costs, which Smith opposed [DE-567] and for which defendants filed a reply [DE-560]. On 26 April 2010, Smith filed a Notice of Appeal [DE-556] of the district court's March 2010 order. Accordingly, on 18 October 2010, the district court denied without prejudice defendants' motion for attorneys' fees and costs pending the outcome of Smith's appeal. [DE-564]. On 9 January 2012, the Third Circuit Court of Appeals affirmed the district court's judgment for defendants and the instant motion followed. [DE-565].

---

2 The district court dismissed Smith's ADA claim (count VI) for lack of jurisdiction as to her first amended complaint pursuant to an order dated 2 January 2005 and for the same reasons stated therein, dismissed the ADA claim as to the second and third amended complaints. [DE-384 at 5]. On 2 January 2005, the court dismissed Smith's IIED claim in her first amended complaint for failure to state a claim [DE-131; DE-132] and subsequently dismissed the same claim as to Smith's second and third amended complaints on 28 August 2006 and 3 September 2008, respectively. [DE-400 at 2].

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 4

## II. ATTORNEY'S FEES – FEDERAL CLAIMS

### A. Legal Standard

Our legal system generally adheres to the "American Rule" under which each party bears its own litigation expenses, including attorney's fees, regardless of whether it wins or loses. *See Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). However, Congress has provided limited exceptions to this rule "under selected statutes granting or protecting various federal rights," *Alyeska Pipeline Serv. Co.* at 421 U.S. at 260, some of which "authoriz[e] the award of attorney's fees to either plaintiffs or defendants." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 416 (1978); *see Burlington v. Dague*, 505 U.S. 557, 562 (1992) (listing federal fee-shifting provisions); *see also Solomen v. Redwood Advisory Co.*, 223 F. Supp. 2d 681, 682 (E.D. Pa. 2002) (explaining Congress' decision "both facilitated the filing of civil rights claims by awarding attorney's fees to a prevailing plaintiff and deterred frivolous suits by allowing a prevailing defendant to collect fees as well"). In particular, prevailing plaintiffs or defendants in § 1983, Title VII, ADA and Rehabilitation Act suits can recover attorney's fees pursuant to 42 U.S.C. § 1988(b)[3], 42 U.S.C. § 2000e-5(k)[4], 42 U.S.C. § 12205[5] and 29 U.S.C. § 794a(b)[6], respectively.

---

3 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce a provision of… 42 U.S.C. §§ 1981-1983, 1985, 1986, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . . "

4 42 U.S.C. § 2000e-5(k) provides: "In any action or proceeding under this title, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . ."

5 42 U.S.C. § 12205 provides: "In any action . . . commenced pursuant to [the ADA], the court . . ., in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."

6 42 U.S.C. § 794a(b) provides: "In any action or proceeding to enforce or charge a violation of a provision of [the Rehabilitation Act], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 5

*See Fox*, 131 S. Ct. at 2213 (explaining 42 U.S.C. § 1988 authorizes the award of "a reasonable attorney's fee" to a defendant "in various kinds of civil rights cases, including suits brought under § 1983"); *Solomen*, 223 F. Supp. 2d at 682 (explaining "the 'prevailing party' under § 2000e-5(k) may be either the plaintiff or the defendant"); *EEOC v. Hesco Parts Corp.*, 57 Fed. Appx. 518, 522 (3d Cir. 2003) (noting the ADA permits the award of attorney's fees to prevailing defendants); *S.M. v. Sch. Dist. of Upper Dublin*, No. 10-4038, 2012 U.S. Dist. LEXIS 101047, at *8 (D. Pa. July 20, 2012) (noting the Rehabilitation Act authorizes an award of reasonable attorney's fees to a prevailing party) (citing 29 U.S.C. § 794a(b)).

In order for a defendant to recover attorney's fees under the relevant statutes, it must show "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.*, 434 U.S. at 421. "Frivolous, unreasonable, or without foundation" implies "groundless" rather than simply that the plaintiff has ultimately lost her case. *Id*. The Third Circuit has identified the following factors relevant to a court's determination whether a plaintiff's unsuccessful employment discrimination claims are frivolous, unreasonable or without foundation, including: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the case was dismissed prior to trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). In making this determination, the court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, her action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434

U.S. at 421-22. Such reasoning "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of [the statutes prohibiting employment discrimination]." *Id.* at 422. Accordingly, "[t]hese factors [] should not be considered in a vacuum and '[d]eterminations regarding frivolity are to be made on a case-by-case basis.'" *PKF Mark III, Inc. v. Found. for Faircontracting*, No. 08-1452, 2011 U.S. Dist. LEXIS 137891, at *8 (D.N.J. Nov. 30, 2011) (quoting *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997)). The ultimate question is "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Smith v. City of Bethlehem*, No. 06-5290, 2010 U.S. Dist. LEXIS 105952, at *11-*12 (E.D. Pa. Sept. 30, 2010) (quoting *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)) (internal quotation marks and citation omitted). Generally, fee-shifting in favor of a prevailing defendant under the *Christiansburg* standard is not routine and is only to be sparingly exercised. *Christiansburg*, 434 U.S. at 421; *L.B. Foster*, 123 F.3d at 751.

**B.    Smith's claims were not unreasonable or frivolous**

Defendants contend that Smith's federal claims were "frivolous, meritless, or without foundation" and rely on the district court's order granting defendants summary judgment on all but one of Smith's federal claims.[7] While the Third Circuit has noted that cases in which attorney's fees have been awarded "typically have been decided in the defendant's favor on a motion for summary judgment," *L.B. Foster Co.*, 123 F.3d at 751, a grant of summary judgment in favor of defendants "is by no means dispositive in finding [plaintiff's] claim[s] frivolous." *PKF Mark III, Inc.*, 2011 U.S. Dist. LEXIS 137891, at *6 (collecting cases).

---

7 The district court dismissed with prejudice Smith's ADA claim for lack of jurisdiction.  [DE-384 at 2].

Judged against the factors outlined in *Barnes*, and mindful of the fact that a court should "resist the understandable temptation to engage in *post hoc* reasoning," *Christiansburg*, 434 U.S. at 421-22, this Court finds that Smith's federal claims – while ultimately unsuccessful – cannot be regarded as frivolous. Although the case did not go to trial or present any issues of first impression, the other factors weigh in favor of Smith. First, Smith established a *prima facie* case as to her federal claims with the exception of the ADA. And, while defendants dispute the relevancy of the proceedings culminating in Smith's filing of this lawsuit, including the finding by an Administrative Law Judge ("ALJ") that Smith worked in an "extremely hostile work environment" and thus her decision to resign from VIPA was "reasonable" and "prudent,"[8] [*see* DE-552 at 4; DE-552.1 at 9], Smith reasonably relied on this finding in believing her claims were not frivolous and in bringing suit. Second, defendants offered to settle.[9] Third, Smith's allegations that defendants' actions created a hostile work environment leading to her resignation posed a real threat of injury to Smith. The Court notes further that Smith's claims were not devoid of *any* evidence in support of material issues; rather, the evidence was simply unpersuasive and insufficient to survive summary judgment. Upon consideration of all factors, and in recognition that awarding attorney's fees to a prevailing defendant is the exception, this Court RECOMMENDS that defendants' motion for attorney's fees for defense of the federal claims be DENIED. *See PKF Mark III, Inc.*, 2011 U.S. Dist. LEXIS 137891, at *8 (denying defendants' motion for attorney's fees based on their prevailing party status at summary judgment because "it

---

[8] In addition to the ALJ finding, Smith relies on the Equal Employment Opportunity Commission's right-to-sue notice. As defendants note, this notice merely allows a party to file a federal lawsuit and is not an adjudication on the merits.

[9] Smith points out that the parties agreed to enter into mediation in "August or September 2005" and then again in December 2009. Pl.'s Resp. Defs.' Mot. Atty Fees ("Pl.'s Resp.") at 8 [DE-552]. Smith advises further that on an unspecified date, defendants' counsel submitted a settlement offer "offering [her] an insulting figure that would not even cover the cost of [her] deposition." *Id*.

would be a chilling decision . . . to punish [p]laintiffs for attempting to assert their constitutional rights" in light of the absence of bad faith).

### III.     ATTORNEY'S FEES – TERRITORIAL LAW CLAIMS

**A.  Legal Standard**

The Virgin Islands has authorized courts to award to any prevailing party[10] in a civil action costs and fees incurred in prosecuting or defending the action. *See* 5 V.I.C. § 541(a)(6) & (b) (stating "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto"). However, the award for attorney's fees associated with litigation over Smith's pendant claims cannot include fees associated with the federal claims. *L & J Crew Station, L.L.C. v. Banco Popular de P.R.*, No. 2003-11, 2004 U.S. Dist. LEXIS 22678, at *2 (D.V.I. Nov. 9, 2004) (explaining the Virgin Islands Code permits an award for only attorneys' fees associated with litigation over local statutes)(citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183-84 (3d Cir. 1999)); *accord V.I. Bar Ass'n v. Gov't of the V.I.*, 661 F. Supp. 501, 503 (D.V.I. 1987) (stating "[i]t is clear that 5 V.I.C. § 541 permits the award of attorneys' fees as costs only in actions brought pursuant to Virgin Islands, and not federal law"), *aff'd in part, vacated in part*, 857 F.2d 163 (3d Cir. 1988)). "The purpose of Section 541 is to indemnify the prevailing party, and the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Hodge v. Superior Court of the V.I.*, No. 07-87, 2009 U.S. Dist. LEXIS 110340, at *3-4 (D.V.I. Nov. 24, 2009). The decision to award

---

10 Given the district court dismissed Smith's IIED claim pursuant to Rule 12(b)(6) and granted summary judgment in favor of defendants on her remaining territorial claims [DE-397; DE-473; DE-542], defendants are the "prevailing party" under Section 541. *Hodge v. Superior Court of the V.I.*, No. 07-87, 2009 U.S. Dist. LEXIS 110340, at *4 (D.V.I. Nov. 24, 2009).

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 9

fees is within the court's discretion. *Id*. An award of attorney's fees under Virgin Islands territorial law is not dependent upon whether the prevailing party is the plaintiff or defendant. Accordingly, the standard for awarding attorney's fees to prevailing defendants in federal civil rights cases does not apply to cases arising under Virgin Islands law. *Id*. at *10.

**B.    Defendants are entitled to an award of attorney's fees for the IIED claim only**

While caselaw is not specific as to the factors relied upon by district courts in determining whether to award attorney's fees pursuant to 5 V.I.C. § 541, the Court notes that in *L & J Crew Station, L.L.C.*, the court awarded fees in favor of defendant based on "the vagueness of the plaintiff's amended complaint, and the lack of any viable claim presented therein." *Id*., 2004 U.S. Dist. LEXIS 22678, at *4. But, unlike in *L & J Crew Station, L.L.C.*, Smith's third amended complaint cannot be fairly characterized as vague. Moreover, Smith successfully established a *prima facie* case with respect to all her territorial law claims with the exception of her IIED claim. Accordingly, the Court RECOMMENDS the district court exercise its discretion to award attorney's fees associated with defending the IIED claim only.

**C.    Calculation of Attorney's Fees Award**

Defendants' requested fees are calculated according to the "lodestar" standard. *Hodge*, 2009 U.S. Dist. LEXIS 110340, at *12. The lodestar amount is reached by multiplying the reasonable number of hours expended by the reasonable hourly rate. *Id*.

1.    <u>Number of Hours Reasonably Expended on the Litigation</u>

Defendants request attorney's fees in the amount of $131,004.50 for 406.90 hours' worth of services performed on their behalf by Ogletree Deakins between January 2007 and 31 March 2010. [DE-547.1 ¶ 9]. Defendants do not segregate the hours claimed between the federal and pendant

claims in their billing records. Rather, defendants contend that because Smith's claims involved a common core of facts, it would be "difficult for this Court to [] conclude[] that Defendants are not entitled to fees associated with counsel's participation in each of the depositions, attendance at each of the status conferences or other hearings or the various communications with Defendants' representative throughout this litigation simply because Smith also raised federal claims which, in isolation, might not warrant an award of fees." Defs.' Reply at 10 [DE-560 at 10]. In support, defendants rely on *McKenna v. City of Philadelphia*, 582 F.3d 447 (3d Cir. 2009), which observed that "where a plaintiff's claims involve 'a common core of facts' or are based on 'related legal theories, . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 457 (alteration in original; internal quotation omitted). While this effort may indeed be difficult, the Court finds the proportional method applied in *L & J Crew Station, L.L.C.* as the appropriate vehicle for determining the amount of attorney's fees to be awarded. In particular, the Court finds it appropriate to reduce the total hours spent by defendants' counsel on this matter by 9/10, thereby reflecting the fact that only the IIED count lacked any viable claim. Thus, the reduced hour amount for defendants' counsel is 40.69 (406.90/10).

2. Reasonable Hourly Rate

Next, the Court considers the reasonable hourly rate to apply to the 40.69 hours of work dedicated to this matter by defendants' attorneys. As detailed in the records submitted by defendants' counsel, billing rates charged by Ogletree Deakins range from $150.00 per hour for paralegal work to $300.00 per hour for work by a shareholder. In particular, two associates billed at a rate of $255.00 per hour while a third associate billed at a rate of $215.00 per hour.

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 11

Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony v. Abbott*, No. 1999-78, 2012 U.S. Dist. LEXIS 94323, at *7 (D.V.I. July 9, 2012) (explaining the party seeking fees bears the burden of establishing a reasonable market rate in light of the complexity of the legal services performed). As this Court noted in *Anthony*, "rates of $125-$300 'are in accord with customary and prevailing market rates in the Virgin Islands . . . .'" *Id.* at *8 (quoting *Int'l Leasing & Rental Corp. v. Gann*, No. 08-40, 2010 U.S. Dist. LEXIS 28172, at *6 (D.V.I. Mar. 23, 2010)); *see also Equivest St. Thomas, Inc. v. Virgin Islands*, No. 2001-155, 2004 U.S. Dist. LEXIS 26256 (D.V.I. Dec. 31, 2004) (approving rates of $95 per hour for paralegal work and finding rates ranging from $200 to $300 per hour as "above normal" but justified by counsel's expertise and the case's complexity). Applying these principles to the current motion, the Court finds that $277.50 is a reasonable rate to be applied here.[11]

3. <u>Calculation of the Lodestar and Consideration of Smith's Challenges</u>

Multiplying defendants' counsels' reasonable rate ($277.50) with the respective hours (40.69) they devoted to this matter results in a preliminary lodestar amount of $11,291.48. Smith lodges the following challenges in support of a denial or reduction of a fee award to defendants. First, Smith states the fees requested are "unnecessarily high," noting defendants employed an "army of 10 well-trained, high priced attorneys plus paralegals and researchers." Pl.'s Resp. at 10 [DE-552]. Smith's comments regarding multiple attorneys actually are in support of her contention that her federal claims were not frivolous, unreasonable or without foundation. *See id.* (stating "[t]he mere fact that the Defendants expended so much funds to defend themselves is a

---

11 This billing rate is the average of the rates charged by the shareholder and the associates billing at $255 per hour as the billing records indicate these attorneys performed the majority of work in this matter. *See* Ex. A [DE-547.1].

clear indication that they felt that there was some merit to the claim"). As explained, the Court found in Smith's favor on the issue of frivolity. Nevertheless, to the extent Smith argues fees should be reduced because defendants' attorneys overstaffed this litigation with "a total of 12 attorneys," Pl.'s Resp. Defs.' Renewed Mot. Atty Fees ("Pl.'s 2d Resp.") ¶ 4, the Court disagrees.

While "in many cases, the attendance of additional counsel representing the same interests as the lawyers actually conducting the litigation is wasteful and should not be included in a request for counsel fees from an adversary," *Planned Parenthood v. Attorney General of State of New Jersey*, 297 F.3d 253, 272 (3d Cir. 2002), here, the numerous filings in this case regarding multiple issues of law reasonably required the assistance of more than one attorney. Moreover, a review of defendants' counsel's billing records show that the majority of attorney's fees requested represent the work of one shareholder and two associates. *See* Ex. A [DE-547.1]. Also, the billing records do not reflect duplicative or unnecessary work on the part of defendants' counsel.

Second, Smith contends her financial circumstances should be considered in deciding "whether to award attorney fees and/or limit the size of those fees." Pl.'s Resp. at 7-8; *see also* Pl.'s 2d Resp. ¶ 3. Defendants disagree, citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000), and arguing a non-prevailing party's financial resources are "relevant only to awards of costs." Defs.' Reply at 12 [DE-560]. In *Paoli*, the court held that a district court may "consider the non-prevailing party's indigency (or inability to pay costs) in fashioning its costs award." *Paoli*, 221 F.3d at 453. However, the court's discussion concerned "'costs' capable of recoupment under Rule 54(d)(1)," which "are listed in 28 U.S.C. § 1920" and exclude attorney's fees. *Id*. at 457-58.

With respect to defendants' costs in connection with the defense of Virgin Islands territorial claims, the Third Circuit has held that § 1920 "does not apply in the District Court of the Virgin Islands." *See Santillan v. Sharmouj*, 289 Fed. Appx. 491, 497 (3d Cir. 2008) (citing *Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 87 (3d Cir. 1988)). Rather, prevailing parties in the District of the Virgin Islands who incur certain costs in connection with Virgin Islands territorial claims may be entitled, at the court's discretion, to reimbursement of those costs pursuant to 5 V.I.C. § 541. *Id.* (citing *Figueroa*, 188 F.3d at 183). As discussed, 5 V.I.C. § 541(a)(6) permits an award of attorney's fees as costs. *See V.I. Bar Ass'n*, 661 F. Supp. at 503 ("It is clear that 5 V.I.C. § 541 permits the award of attorneys' fees as costs [] in actions brought pursuant to Virgin Islands"). Accordingly, the court finds that *Paoli* supports the proposition that a plaintiff's ability to pay may be a relevant factor in determining an award of attorney's fees in connection with the defense of the Virgin Islands territorial claims.

Third, Smith contends defendants acted in bad faith throughout the litigation. Pl.'s Resp. at 8-9, 11, 17 [DE-552].[12] A prevailing party's entitlement to attorney's fees under 5 V.I.C. § 541 may be reduced due to misconduct. *See Paoli*, 221 F.3d at 463 (holding a district court may consider the prevailing party's "unclean hands, or bad faith or dilatory tactics"). Here, however, while litigation in this matter was protracted, the Court is unable to conclude that defendants acted in bad faith.

---

12 With respect to the alleged HIPPA violation, Smith explains that defendants obtained her medical records via medical authorizations signed by her not in compliance with federal law. *Id*. at 17. However, Smith concedes that the authorizations were provided "upon the advice" of her former attorney. *Id*. In light of this concession, the Court can hardly conclude defendants acted in bad faith. As for allegations of *ex parte* communications, Smith relies on invoices from the Sanford Law Firm dated 22 July 2005 and 11 August 2006, wherein counsel communicated with Magistrate Judge Geoffrey W. Barnard on each occasion for .2 hours. There is no indication that these calls involved anything other than routine, case management issues and Smith does not argue otherwise. Smith also argues that the "fairness and integrity of the judicial process" was "complicated by numerous conflicts of interest." *Id*. at 15. Upon review of Smith's argument, the court finds Smith's assertions of conflicts of interest lack merit.

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 14

Taking into account Smith's financial status, and all other relevant considerations, the Court RECOMMENDS an award of attorney's fees in the amount of **$10,000.00.**

## IV.     COSTS

Defendants seek costs totaling $8,960.10. [DE-560 at 12 n.9]. Defendants argue that of the total costs requested, $4,470.65 represent the costs incurred by Ogletree Deakins and $4,489.45 represent the costs incurred by The Law Office of Michael J. Sanford ("Sanford Law Firm"). [DE-547.1 ¶¶ 11, 15; DE-560 at 12 n.9].

### A.     Applicable Law

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Unlike attorney's fees, costs awarded to a prevailing defendant in a civil rights case pursuant to Rule 54(d)(1) are not subject to the limitations imposed by *Christianburg*. *See Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975, 998 (3d Cir. 1981) (stating "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise"). Also, as explained, defendants' costs are governed by 5 V.I.C. § 541.

While Rule 54(d)(1) creates the "strong presumption that costs are to be awarded to the prevailing party," *Paoli*, 221 F.3d at 462, as noted previously, "if a losing party is indigent or unable to pay the full measure of costs, a district court may . . . exempt the losing party from paying costs." *Id*. at 464. However, to deny a prevailing party costs, "a district court must support[] that determination with an explanation" and the losing party bears the burden in showing "that an award is inequitable under the circumstances." *Id*. at 462 (alteration in original; citation omitted).

As noted, the district court can take into consideration a prevailing party's bad faith. *Id*. at 463. The Clerk of Court is charged with taxing costs under Rul**e** 54(d)(1). FED. R. CIV. P. 54(d)(1); *see also* LRCi 54.1.

**B.    Analysis**

As to costs incurred by Ogletree Deakins, defendants seek $4,441.63 in costs for deposition transcripts and $29 in copy charges assessed by the district court.[13] [DE-547.1 ¶ 11]. With respect to the $4,489.45 in costs incurred by the Sanford Law Firm, defendants fail to itemize the specific costs sought, having the Court bear the responsibility of combing through over one hundred pages of billing records. Upon reviewing the billing records, the Court has identified $4,487.45 in costs appearing to be for deposition transcripts.[14]

5 V.I.C. § 541(a) provides in relevant part that "[c]osts which may be allowed in a civil action include . . . (2) [n]ecessary expenses of taking depositions which were reasonably necessary in the action . . . [and] (5) [n]ecessary expense of copying any public record, book, or document used as evidence on the trial." Defendants do not explain the purpose of the depositions and the Court is unable to ascertain from defendants' supporting documentation whether all the depositions were "reasonably necessary to the action." Similarly, defendants fail to provide an explanation as to why the copy charge was a "necessary expense." Apart from Smith's deposition, which was used heavily in motion practice, the Court cannot determine if the other

---

13 Smith contends defendants "seek to recover funds expended for travel to attend hearings on St. Thomas." While Smith correctly points out that an award of travel costs is generally not permitted, *see Dr. Bernard Heller Found.*, 847 F.2d at 89, it is clear that defendants seek only deposition and copy costs.

14 These costs include the following: (1) $1,739.50 billed on 30 June 2003 for the deposition transcript of Smith; (2) $923.30 billed on 11 August 2005 for the deposition transcript of Lydia Cabret; (3) $512.20 billed on 31 August 2005 for the deposition transcript of Christian Plaskett; (4) $900.05 billed on 14 September 2005 for the deposition transcripts of Gloria Donovan, David Mapp and Gordon Finch; and (5) $412.40 billed on 30 September 2005 for the deposition transcript of Cecil Thomas.

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 16

depositions were necessary to the action.

Smith raises several arguments in opposition to the costs sought. First, Smith argues her lawsuit was "reasonable" and brought in "good faith." Pl.'s Resp. at 3 [DE-552]. It appears this argument is really related to the issue of attorney's fees. *See id.* (citing standard set forth in *Christianburg*). Nevertheless, to the extent Smith relies on her good faith in opposing a costs award, such reliance is misplaced as a district court "may not consider the good faith of the losing party." *Paoli*, 221 F.3d at 454.

Second, Smith contends her inability to pay should be considered in fashioning any costs award. Pl.'s Resp. at 7; Pl.'s Resp. Defs.' Renewed Mot. Atty Fees ("Pl.'s 2d Resp.") at 3; *see Paoli*, 221 F.3d at 462. In support, Smith relies on her motion for leave to appeal *in forma pauperis* filed 26 April 2010 wherein she states, *inter alia*, that (1) despite applying for 756 positions "on and off-island,"[15] she remains unemployed; (2) she presently resides with relatives; and (3) she possesses only "clothing and other personal effects" and no valuable assets. Pl.'s Mot. Leave Appeal *In Forma Pauperis* ¶¶ 4-7 [DE-553]. Defendants claim Smith has failed to meet her burden in demonstrating an inability to pay a costs award, arguing although "Smith may not now have employment, and may have experienced limited success in finding employment within her desired field, the record in this case leaves little room for doubt that Smith possesses writing, typing, research and editorial skills that can and should enable her to secure employment in the future." Defs.' Reply at 11-12 [DE-560]. Despite defendants' contention to the contrary, the Court finds Smith has presented sufficient evidence regarding her financial situation to satisfy the Court that Smith is unable to pay the full amount requested by defendants.

---

15  In Smith's second response, filed 17 February 2012, Smith avers that she has now applied for 835 jobs both in the Virgin Islands and the United States. Pl.'s 2d Resp. ¶ 2 [DE-567].

*Smith v. Virgin Islands Port Authority*
Civil No. 02-00227
Page 17

Third, Smith contends defendants acted in bad faith throughout the litigation. Pl.'s Resp. at 8 [DE-552]. For reasons discussed above, the Court finds Smith's bad faith argument without merit.

Taking into account all the relevant information, including Smith's financial condition and the lack of specific information regarding the necessity of the depositions, the Court RECOMMENDS a costs award in the amount of $4,000.00.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' Renewed Motion for Attorneys' Fees and Costs [DE-566] be **GRANTED in part and DENIED in part**. In particular, the Court recommends an award of $10,000.00 in attorney's fees and $4,000.00 in costs to defendants.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated**: September 28, 2012             S\_____
                                          **Ruth Miller**
                                          United States Magistrate Judge