IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHIRLEY L. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-227 |
| | : | |
| VIRGIN ISLANDS PORT AUTHORITY, et al. | : | |
| | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                          **January 11, 2013**

      Defendants Virgin Islands Port Authority, the Virgin Islands Port Authority Governing Board, former Executive Director Gordon A. Finch, Assistant Executive Director David Mapp, and former Executive Director Darlan Brin, the prevailing parties in this employment action filed by pro se Plaintiff Shirley L. Smith, seek an award of attorneys' fees and costs pursuant to Virgin Islands and federal law.  United States Magistrate Judge Ruth Miller has issued a Report and Recommendation (Report) recommending Defendants' motion be granted in part and denied in part, and that Defendants be awarded a total of $14,000.00 in fees and costs.  Smith filed timely objections to the Report.  Upon de novo review, Smith's objections will be sustained in part and overruled in part, and fees and costs will be awarded in the reduced amount of $10,257.02.

**FACTS**

      On April 14, 2010, after judgment was entered in their favor on Smith's last remaining claims, Defendants filed a motion for attorneys' fees and costs pursuant to V.I. Code Ann. tit. 5, § 541(a)(6) & (b) and federal law.  Two weeks later, Smith filed a notice of appeal, and this Court thereafter denied Defendants' fee motion without prejudice to reassertion, if applicable, following disposition of Smith's appeal.  In an opinion filed on January 9, 2012, the Third Circuit Court of Appeals summarily affirmed the dismissal of Smith's claims on Federal Rule of

Civil Procedure 12(b)(6) and summary judgment grounds. Defendants thereafter renewed their motion for attorneys' fees and costs, and this Court referred the motion to a Magistrate Judge.

On September 28, 2012, the Magistrate Judge issued a Report recommending Defendants' motion be granted in part and denied in part, and that Defendants be awarded a total of $14,000.00 in attorneys' fees and costs. With regard to attorneys' fees, the Magistrate Judge recommended that fees be denied as to Smith's federal claims because those claims were not unreasonable or frivolous. While acknowledging that Virgin Islands law permits a court to award attorneys' fees to a prevailing plaintiff *or* defendant in a civil action, *see* V.I. Code Ann. tit. 5, § 541(b), the Magistrate Judge also recommended that fees be denied as to Smith's claims under territorial law, with the exception of her claim for intentional infliction of emotional distress (IIED), the only territorial law claim as to which Smith failed to establish a prima facie case. In determining the amount of fees that should be awarded on the IIED claim, the Magistrate Judge applied a proportional approach, reducing the total amount of hours billed by defense firm Ogletree Deakins by nine-tenths because the IIED claim was one of ten claims prosecuted by Smith. Multiplying the remaining one-tenth by a reasonable hourly rate, the Magistrate Judge determined the amount of fees attributable to the IIED claim was $11,291.48. Upon consideration of Smith's financial circumstances and other factors, however, the Magistrate Judge recommended an award of attorneys' fees in the reduced amount of $10,000.00. As to costs, the Magistrate Judge recommended an award in the reduced amount of $4,000.00, less than half of the approximately $8,900.00 sought by Defendants.

**DISCUSSION**

Smith filed timely objections to the Report, which this Court reviews de novo. *See* 28 U.S.C. § 636(b)(1). Smith also asks this Court to "vacate" the Magistrate Judge's "order to

award $10,000 in attorney fees and $4,000 in costs"; however, the Magistrate Judge's Report is not an order.

As an initial matter, this Court agrees with the Magistrate Judge's recommendation that the Court should exercise its discretion to award attorneys' fees associated with the defense of Smith's IIED claim only. As the Magistrate Judge observed, Virgin Islands law authorizes a court to award to any prevailing party in a civil action attorneys' fees incurred in prosecuting or defending claims under territorial law. V.I. Code Ann. tit. 5, § 541(b) (providing "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto"); *see also Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 183 (3d Cir. 1999) (holding § 541 "is only applicable to fees for the litigant who succeeds in pursuing Virgin Islands territorial claims"). The statute is intended "to indemnify the prevailing party, and 'the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault.'" *Int'l Leasing & Rental Corp. v. Gann*, No. 08-40, 2010 WL 1284464, at *1 (D.V.I. Mar. 23, 2010) (quotation omitted). Although Defendants prevailed as to all five of Smith's territorial claims, the Magistrate Judge recommended attorneys' fees be awarded only as to the IIED claim on the basis that this was the only claim as to which Smith had failed to establish a prima facie case.

Smith objects to this recommendation, arguing the dismissal of her IIED claim was improper and asserting the claim was intertwined with her federal claims. Both objections lack merit. As to the former, Smith may not seek to re-litigate the merits of her IIED claim at this juncture, after the dismissal of all of her claims has been affirmed on appeal. Moreover, the fact Smith's IIED claim relied on facts common to her federal claims, which the Magistrate Judge

found were not frivolous, is of no moment, as a finding of frivolity is not a prerequisite for a fee award under § 541. *See Hodge v. Super. Ct. of the V.I.*, No. 07-87, 2009 WL 4543629, at *4 (D.V.I. Nov. 25, 2009) (noting "[t]he standard for awarding attorneys' fees to prevailing defendants in federal civil rights case does not apply to cases arising under Virgin Islands law"). This Court agrees with the Magistrate Judge that Defendants should be permitted to recover the fees incurred in defending against Smith's IIED claim, which was dismissed on a Rule 12(b)(6) motion and which the Court repeatedly declined to allow Smith to reassert in the case. Such fees represent only a small fraction of the total fees Defendants incurred during the more than seven-year history of this case.

Smith also objects to the calculation of the fee award on the basis that the fees awarded were for work performed by the Ogletree firm, which did not appear in the case until well after Smith's IIED claim had been dismissed. This objection has merit. Smith's IIED claim was originally dismissed by order of January 2, 2005. *See* ECF Nos. 131, 132; *see also* ECF No. 400 (stating IIED claim in first amended complaint was dismissed on January 2, 2005). On June 3, 2005, Smith filed a motion to reconsider the dismissal of her IIED claim, which Defendants opposed. *See* ECF Nos. 163, 182. On August 28, 2006, the Court denied the motion for reconsideration and dismissed the IIED claim from Smith's second amended complaint. *See* ECF No. 303; *see also* ECF No. 400 (stating IIED claim in second amended complaint was dismissed by ECF No. 303). Smith thereafter filed a document styled as "court allowed supplemental pleas on [Plaintiff's] infliction of extreme emotional distress claim" on October 12, 2006. *See* ECF No. 337. This pleading appears to have been the subject of two different motions by Defendants: a motion to strike, ECF No. 343, and a motion to strike or in the

4

alternative for summary judgment, ECF No. 354. On September 3, 2008, the Court granted Defendants' motions to strike and again dismissed the IIED claim from the case. ECF No. 400.

In January 2007, while Defendants' motions to strike were pending, the Ogletree firm began working on the case. Decl. of Simone R.D. Francis ¶¶ 3-4, ECF No. 547-1. At that time, the IIED claim had been dismissed with prejudice, the Court had summarily rejected Smith's first attempt to replead, and motions to strike were fully briefed and pending as to Smith's second attempt to replead. In these circumstances, there is no basis to conclude any of the work performed by the Ogletree firm was directed to Smith's IIED claim, and an award of fees based on the hours billed by the Ogletree firm from January 2007 forward is therefore improper.

Nevertheless, in addition to submitting the Ogletree firm's billing records, Defendants have also submitted billing records for their predecessor counsel at Sanford, Amerling & Associates, the firm which performed the work leading to the dismissal of Smith's IIED claim. *See* Francis Decl. Ex. C. According to those records, from the time the case was filed up until the IIED claim was dismissed on January 2, 2005, the Sanford firm performed a total of 333.95 hours of work at rates ranging from $85 to $175 per hour,[1] for total pre-January 2005 billings of $50,495.25. *See* Francis Decl. Ex. C. In addition, five post-January 2005 time entries reflect work performed by the Sanford firm to defend against Smith's efforts to replead her IIED claim.[2]

---

[1] Hourly rates within this range have been held to be reasonable in the Virgin Islands. *See Int'l Leasing & Rental Corp.*, 2010 WL 1284464, at *2 (finding billing rates of $125 to $300 per hour to be "in accord with customary and prevailing rates in the Virgin Islands").

[2] The five entries are as follows: (1) 0.9 hours on July 11, 2005, to "review plaintiff's motion to reconsider/ draft opposition to motion to reconsider intentional infliction of emotional distress claim/ draft proposed order"; (2) 0.6 hours on October 13, 2006, to "Review Plaintiff's Notice to Court. Draft Motion to Strike"; (3) 1.8 hours on November 1, 2006, to "Review Plaintiff's Court Allowed Supplemental Pleas regarding Constructional Discharge and Emotional Distress Claims, Commence Westlaw Research on requirements of Emotional Distress claim"; (4) 0.5 hours on November 1, 2006, to "Review Smith's Opposition to Motion to Strike. Draft Reply"; and (5)

These five entries total $1,207.50, representing 6.9 hours of work at a rate of $175 per hour. *See id.*

As the Magistrate Judge observed with respect to the Ogletree firm's billings, the vast majority of the Sanford firm's billings do not segregate the hours billed on a claim-by-claim basis, and much of the work appears to have been directed to defending the case as a whole. Although Smith objects to the lack of a claim-by-claim breakdown, the Court agrees with the Magistrate Judge that in these circumstances, it is appropriate to apply a proportional method and to award Defendants one-tenth of the fees incurred prior to January 2, 2005, when the IIED claim was initially dismissed, or $5,049.52. *See L & J Crew Station, LLC v. Banco Popular de Puerto Rico*, No. 03-11, 2004 WL 2538500, at *2 (D.V.I. Nov. 9, 2004) (applying a proportional approach and reducing total attorneys' fees by six-sevenths where fees were awarded as to only one of seven claims). With respect to the post-January 2005 billings, the Court will award Defendants the $1,207.50 in fees directly related to the Sanford firm's efforts to defend against the IIED claim. The Court will therefore award attorneys' fees in the reduced amount of $6,257.02.[3]

Smith also objects to the recommended costs award insofar as it awards costs beyond those incurred with respect to the IIED claim. As the Magistrate Judge recognized, however, unlike attorneys' fees, which may not be awarded as to Smith's federal claims absent a finding the claims were frivolous, such a finding is not required to support an award of costs as to either

---

3.1 hours on November 2, 2006, to "Commence/Complete draft of Motion to Strike IIED Claim or, in the Alternative, Motion for Summary Judgment." *Id.*

[3] In her original opposition to Defendants' fee motion, Smith objected to certain of the Sanford firm's billing entries as improper. The Magistrate Judge thoroughly addressed these objections. *See* Report 13 n.12.

Smith's federal or territorial law claims. Accordingly, the Court will award costs in the full recommended amount of $4,000.00.

Smith's remaining objections repeat arguments raised before and addressed by the Magistrate Judge, and those objections are addressed only briefly below. Smith argues any award of fees or costs would be inequitable given her dire financial situation, current unemployment, and medical problems which affect her ability to obtain employment. The Magistrate Judge recognized a litigant's ability to pay is a relevant factor in making an award of fees or costs and took Smith's financial circumstances into account in fashioning an award in this case, reducing the recommended attorneys' fees from $11,291.48 to $10,000.00 and costs from $8,960.10 to $4,000.00. As set forth above, moreover, the fee award will be further reduced to $6,257.02. Because the Magistrate Judge adequately considered and accounted for Smith's financial situation in her recommended award, this objection is overruled. *Cf. Guynup v. Lancaster Cnty.*, No. 06-4315, 2009 WL 3073718, at *2 (E.D. Pa. Sept. 24, 2009) (taxing costs against an indigent plaintiff in the amount of $4,511.68, a 50 percent reduction of amount requested, and noting judgment "may be collectible" if plaintiff "comes into any sum of money in the future").

Smith also argues the Magistrate Judge incorrectly found Defendants did not act in bad faith. The Court disagrees. The Magistrate Judge properly found that while this litigation was protracted, there was no evidence of misconduct or bad faith on the part of Defendants. Smith's argument that Defendants' failure to comply with the discovery rules prevented her from proving her claims represents another effort to re-litigate the merits of those claims, whose dismissal has been affirmed on appeal.

Smith further contends the Magistrate Judge's award of fees is tantamount to the imposition of a sanction for pursing her civil rights. However, the Magistrate Judge awarded no fees in relation to the civil rights claims. Moreover, unlike in the *Figueroa* case, on which Smith relies, the Court did not invite Defendants to move for sanctions pursuant to 28 U.S.C. § 1927, and that provision is thus not at issue here. *See Figueroa*, 188 F.3d at 182-83 & n.14 (construing award of attorneys' fees in part as imposition of a sanction where district court invited defendants to move for sanctions under § 1927 and awarded costs in an amount that did not correspond with defendants' fee request "based on the frivolous filing of certain counts in this suit"). Therefore, Smith's argument the award of costs and fees amounts to the imposition of sanctions without notice or opportunity to be heard is without merit. Furthermore, Smith had notice of Defendants' fee application and filed two oppositions to the application as well as objections to the Magistrate Judge's Report. Smith was clearly afforded the opportunity to be heard.

Finally, Smith asks the Court to waive any award of fees because this case involved substantial issues of public importance—namely, her federal civil rights and discrimination claims. Although Smith argues sustaining the award will deter others with meritorious civil rights claims from seeking redress, the fee award is limited to her IIED claim, which was repeatedly found to be legally insufficient. Fees were not awarded for any of the claims brought under the federal statutes.

For the reasons set forth above, Smith's objections to the Report will be overruled in part and sustained in part, and the Report will be approved and adopted insofar as the Court will award Defendants attorneys' fees in the reduced amount of $6,257.02 and costs in the full recommended amount of $4,000.00, for a total award of $10,257.02.

An appropriate order follows.

BY THE COURT:

　　/s/ Juan R. Sánchez　　
Juan R. Sánchez